**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

BRYSON JOSE; ROBERTO A. MIGUEL,
          *Defendants-Appellants.*

No. 04-10202

D.C. Nos.
CR-98-00393-1-HG
CR-98-00393-3-HG

OPINION

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Argued and Submitted
May 11, 2005—Honolulu, Hawaii

Filed October 19, 2005

Before: Dorothy W. Nelson, Consuelo M. Callahan, and
Carlos T. Bea, Circuit Judges.

Opinion by Judge D.W. Nelson

14343

**COUNSEL**

Peter C. Wolff, Jr. (argued), Assistant Federal Public Defender, Honolulu, Hawaii, for defendant-appellant Roberto A. Miguel, and Barry D. Edwards (on the briefs), Honolulu, Hawaii, for defendant-appellant Bryson Jose.

Edward H. Kubo, Jr., United States Attorney, and Ronald G. Johnson (argued), Assistant United States Attorney, Honolulu, Hawaii, for the plaintiff-appellee.

**OPINION**

D.W. NELSON, Circuit Judge:

Appellants Bryson Jose and Roberto A. Miguel appeal the district court's denial of their joint motion to dismiss their indictments on double jeopardy grounds. As is relevant here, appellants were convicted of felony murder and three predicate felonies. The counts were charged under one indictment and prosecuted together in one trial. On direct appeal, this court reversed appellants' felony murder convictions, reversed Miguel's conviction for use of a firearm during a crime of violence, affirmed all other convictions and remanded to the district court for further proceedings. On remand, Miguel moved for dismissal of the indictment on double jeopardy grounds, claiming that his final convictions on the lesser included predicate felonies barred retrial of the greater felony murder charge. Jose joined in the motion. We

affirm the district court's denial of appellants' motion to dismiss the indictments.

This case raises a purely legal question about the reach and proper application of the Double Jeopardy Clause: Does the reversal of a conviction on a greater offense, coupled with a final conviction on a lesser included offense, preclude retrial of the greater offense when the offenses were charged in the same indictment and tried together in the same original trial? We hold that it does not.

## I. Factual and Procedural Background

For purposes of this interlocutory appeal, a detailed rendering of the facts of the case is neither necessary nor particularly helpful. For a more in-depth description of the facts, we refer the interested reader to this court's previous opinion in *United States v. Miguel*, 338 F.3d 995, 997-98 (9th Cir. 2003).

Jose and Miguel were part of a drunken group of teenage revelers that ended its evening debauch by killing an army officer in the course of an attempted robbery and burglary of a cabin at the Waianae Army Recreation Center ("WARC"). *Miguel*, 338 F.3d at 997. WARC is within the special maritime and territorial jurisdiction of the United States. As is relevant here, appellants were convicted of felony murder, two counts of attempted robbery, and one count of attempted burglary, in violation of, *inter alia*, 18 U.S.C. §§ 13, 1111, 2111. *Miguel*, 338 F.3d at 999-1000.

They successfully appealed their felony murder convictions on the ground that the district court "committed structural error when it precluded the defendants from arguing their theory of the case and instructed the jury that no evidence supported the defendants' theory." *Id.* at 997. This court, therefore, reversed appellants' felony murder convictions, vacated their sentences, and remanded for further proceedings. *Id.* at 1007. Appellants did not appeal their predicate fel-

ony convictions, which were nevertheless affirmed by this court on direct appeal. *See id.* at 997 n.3.

On remand, Miguel moved to bar retrial of his felony murder charge on double jeopardy grounds, and Jose joined in the motion. The district court denied the motion and this interlocutory appeal timely followed. This court reviews the denial of a motion to dismiss an indictment on double jeopardy grounds de novo. *See United States v. Lun*, 944 F.2d 642, 644 (9th Cir. 1991).

## II.   *Discussion*

### A.   *The* Ball *Rule*

**[1]** The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Jeopardy is said to "attach" when a defendant is "put to trial." *Serfass v. United States*, 420 U.S. 377, 388 (1975) (observing that the concept of "attachment of jeopardy" defines a point in criminal proceedings at which the purposes and policies of the Double Jeopardy Clause are implicated and designating this point as when the defendant is "put to trial") (internal quotation marks and citations omitted). "In the case of a jury trial, jeopardy attaches when a jury is empaneled and sworn. In a nonjury trial, jeopardy attaches when the court begins to hear evidence." *Id.* (internal citations omitted). The clause's protections, then, "kick in . . . only after the defendant has been placed in jeopardy — [i.e.] when jeopardy has attached." *United States v. Patterson*, 406 F.3d 1095, 1096 (9th Cir. 2005) (Kozinski, J., dissenting from denial of reh'g en banc).

**[2]** However, "the conclusion that jeopardy has attached begins, rather than ends, the inquiry . . . ." *Illinois v. Somerville*, 410 U.S. 458, 467 (1973). The attachment of jeopardy is a necessary, though not sufficient, condition for applying the protections of the Double Jeopardy Clause. There must

also be a jeopardy terminating event, most commonly an acquittal or a final judgment of conviction. *See Sattazahn v. Pennsylvania*, 537 U.S. 101, 106 (2003) ("Under this Clause, once a defendant is placed in jeopardy for an offense [i.e., jeopardy "attaches"], and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense.") (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)); *see also United States v. Byrne*, 203 F.3d 671, 673 (9th Cir. 2000) ("Jeopardy terminates when the jury reaches a verdict, or when the trial judge enters a final judgment of acquittal.") (citing *Fong Foo v. United States*, 369 U.S. 141, 143 (1962)).

**[3]** Even though jeopardy has attached to, and seemingly terminated on, an offense for which a defendant has been tried and convicted, the defendant may still be retried for the same offense, consistently with the Double Jeopardy Clause, when retrial is pursuant to a reversal on appeal. *Ball v. United States*, 163 U.S. 662, 671-72 (1896) (articulating what has come to be known as the "*Ball* rule"). In such a case, jeopardy is said to "continue" on the offense upon retrial. *See Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 308 (1984) (recognizing the concept of "continuing jeopardy" implicit in the *Ball* rule).[1]

Pursuant to the *Ball* rule, had appellants been charged solely with the greater offense of felony murder and had that conviction been reversed and remanded for retrial, jeopardy would have clearly "continued" on the greater offense, making a second trial on the same charge constitutionally permissible. *See Ball*, 163 U.S. 662. The appellants ask this court to suspend the *Ball* rule where, as here, the defendant has also

---

[1]Jeopardy also continues upon retrial where the retrial is pursuant to a mistrial for "manifest necessity." *United States v. Bates*, 917 F.2d 388, 392-93 (9th Cir. 1990) (stating that a retrial pursuant to a mistrial justified by manifest necessity, e.g., a hung jury, does not constitute double jeopardy) (citing *United States v. Perez*, 22 U.S. (Wheat. 9) 579, 580 (1824)).

been charged and convicted of lesser included offenses at the original trial. We decline to do so.

### B.   Appellants' Reliance on Brown

[4] While the Double Jeopardy Clause does not bar retrial after reversal of a conviction, it does bar a successive trial on an offense not charged in the original indictment once jeopardy has already terminated on, what is for double jeopardy purposes, the "same offense." *Brown v. Ohio*, 432 U.S. 161, 166 (1977). For purposes of double jeopardy, "the test to be applied to determine whether there are two offenses or only one is whether each [statutory] provision requires proof of an additional fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Thus, a lesser included offense, which by definition "requires no proof beyond that which is required for conviction of the greater," is the "same" for purposes of double jeopardy as any greater offense in which it inheres. *Brown*, 432 U.S. at 168.[2]

In *Brown*, the defendant was charged with, and convicted of, "joyriding," which, under Ohio law, consisted of "taking or operating a vehicle without the owner's consent." *Id.* at 167. Joyriding was also a lesser included offense of auto theft, which was defined as "joyriding with the intent permanently to deprive the owner of possession." *Id.* Upon his release from jail, Brown was charged with auto theft involving the same car for which he had been convicted of joyriding. *Id.* at 162-63. The Court held that because the two charges were the "same" for double jeopardy purposes — i.e., "[e]very element of the crime of operating a motor vehicle without the consent of the owner [was] also an element of the crime of auto theft" — Brown could not be subject to *successive* prosecutions for a greater and lesser included offense. *Id.* at 163, 168-69.

---

[2]We note that, by contrast, the Double Jeopardy Clause "does not prohibit the State from prosecuting [a defendant] for [greater and lesser included] multiple offenses in a single prosecution." *Ohio v. Johnson*, 467 U.S. 493, 500 (1984).

Notably, *Brown* emphasizes that the Court was "not concerned . . . with the double jeopardy questions that may arise when a defendant is retried on the same charge after . . . a conviction is reversed on appeal." *Id.* at 165 n.5. The appellants nonetheless seek to harness *Brown* in the service of carving out an exception to the "continuing jeopardy" rule of *Ball*. That is, the appellants argue that *Brown* — as well as other double jeopardy cases barring *subsequent* prosecution on *separately* indicted lesser or greater offenses — creates a bar to retrial after a successful appeal of a greater offense, when conviction on a lesser offense under the same indictment has become final. Specifically, appellants cite to, *Illinois v. Vitale*, 447 U.S. 410 (1980) (holding that appellant, who had been convicted for failing to reduce speed to avoid an accident, could not be *subsequently* indicted and tried for involuntary vehicular manslaughter if the later charge subsumed all of the elements of the first conviction); *Harris v. Oklahoma*, 433 U.S. 682 (1977) (holding that appellant, who had been tried and convicted of felony murder, could not be *subsequently* tried under a *separate* indictment for the predicate felony); and *Ex parte Nielsen*, 131 U.S. 176 (1889) (holding that appellant, who had been convicted of cohabiting with more than one woman, could not be *subsequently* tried under a *separate* indictment for the included offense of adultery).

Importantly, none of the cases appellants cite in support of this contention involves a situation such as the one here, in which the lesser and greater offenses were charged in one indictment and tried in one case. *Vitale*, *Harris*, and *Nielsen* all involved successive prosecutions in which jeopardy had terminated after a final judgment on a separately indicted lesser or greater offense. They do not speak to the "hybrid" situation in which jeopardy terminated on the lesser included offense but continued on the greater offense by virtue of the defendant's successful appeal and reversal of that conviction. Appellants insist that the fact "that there is only one indictment makes no difference." It makes all the difference.

Suppose appellants had been charged solely with felony murder and jeopardy terminated on that charge by virtue of an acquittal or final conviction. If the government subsequently sought to try appellants for the lesser included predicate felonies, it would be constitutionally barred from doing so under *Nielsen* and its progeny. *See, e.g.*, *Nielsen*, 131 U.S. at 187-88; *Brown*, 432 U.S. at 169. Appellants insist that this principle extends to the retrial of a greater offense where the convictions on its lesser included offenses have become final, notwithstanding that both the greater and lesser offenses were initially tried together. Appellants would have us overlook the fact that "there is a difference between separate, successive trials of greater and lesser offenses, and the different situation in which both are tried together . . . ." *United States v. DeVincent*, 632 F.2d 155, 158 (1st Cir. 1980).

**[5]** The Double Jeopardy Clause embodies two concepts, whose aims serve as its twin rationale — "principles of finality and prosecutorial overreaching." *Ohio v. Johnson*, 467 U.S. 493, 501-02 (1984). Neither of these principles was violated in this case. The prosecution did not overreach when it charged and tried the defendants on both felony murder and its lesser included predicates in the same trial. *Johnson*, 467 U.S. at 500. Similarly, the defendants had no legitimate expectation of finality in a judgment that they placed in issue by appealing. *United States v. Ruiz-Alvarez*, 211 F.3d 1181, 1185 (9th Cir. 2000); *United States v. Shue*, 825 F.2d 1111, 1115 (7th Cir. 1987) ("Where the defendant challenges one of several interdependent sentences (or underlying convictions) he has, in effect, challenged the entire sentencing plan . . . [and] can have no legitimate expectation of finality in any discrete portion of the sentencing package after a partially successful appeal.") (internal citation omitted).

*C.   The Applicability of this Court's Precedent in* Forsberg

**[6]** Suitably generalized, *Forsberg v. United States*, 351 F.2d 242 (9th Cir. 1965), presents a situation in which the

defendant was charged with related greater and lesser included offenses, jeopardy terminated as to one of the offenses upon final conviction or acquittal, and continued as to the other offense upon retrial. *Forsberg* held that, in such a situation, retrial of the defendant on the successfully appealed offense does not violate the Double Jeopardy Clause notwithstanding that jeopardy has terminated on, what is for double jeopardy purposes, the "same" offense — its greater or lesser included concomitant. *Id.* at 248. *See also Boyd v. Meachum*, 77 F.3d 60, 63 (2d Cir. 1996) (rejecting appellant's claim that the trial court lacked personal jurisdiction with respect to the original felony murder charge and holding that jeopardy continued upon retrial of the greater offense even though defendant was charged with, and convicted of, the predicate felonies at the original trial). Because *Forsberg*, when appropriately generalized, controls here, we affirm the district court's decision denying appellants' motion to dismiss on double jeopardy grounds.

The instant case presents the unique situation in which a defendant is tried on greater and lesser included offenses under the same indictment, jeopardy terminates as to the lesser offenses by virtue of final convictions, and the government seeks to retry the defendant on the greater offense after reversal.[3] *Forsberg* presents a similar scenario. In *Forsberg*,

[3]The government refuses to concede that the convictions on the predicate felonies have become final notwithstanding the district court's entry of final judgments of conviction on those offenses, albeit without sentences attached. The government maintains this position in the first instance because if those convictions did not become final, then jeopardy would not have terminated on those offenses, eliminating the double jeopardy bar that appellants urge on this court. That appellants did not contest their convictions on the predicate offenses and that this court already affirmed the convictions on direct appeal further suggests the finality of those judgments. *See Miguel*, 338 F.3d at 997 n.3. In any event, we need not reach the question of whether the predicate felony convictions were final because, even assuming *arguendo* that they were, appellants' double jeopardy challenge fails. We therefore treat the convictions on the lesser included predicate felonies as final for purposes of this opinion.

the defendant was charged with related greater and lesser included offenses, jeopardy terminated as to the greater offense by acquittal, and continued as to the other offense pursuant to a mistrial. In such a situation, the government is not barred from retrying the defendant, notwithstanding that jeopardy has terminated on the related offense. *Forsberg*, 351 F.2d at 248; *accord United States v. Scott*, 464 F.2d 832, 834 (D.C. Cir. 1972). And this is true even though the greater and lesser offenses are the "same offense" for purposes of double jeopardy. *Forsberg*, 351 F.2d at 245.

In *Forsberg*, the defendant was charged in a two count indictment with (1) assault with intent to commit murder (the greater offense), and (2) assault with a dangerous weapon with intent to do bodily harm (the lesser included offense). *Id.* at 244. The jury found him not guilty of the greater offense, but could not agree on the lesser included offense. *Id.* The judge declared a mistrial as to the second count and discharged the jury. *Id.* Forsberg was then retried and convicted on Count Two. *Id.* On appeal to this court, Forsberg contended that the second trial on Count Two violated his constitutional right against double jeopardy, "since he had already been acquitted on Count One, which included the lesser offense set forth in Count Two." *Id.* This court, in similarly distinguishing *Nielsen*, upon which the appellant in *Forsberg* likewise heavily relied, noted that "*Nielsen* and the other cases we have examined refer specifically to subsequent prosecution under a *new* indictment for a lesser offense after prosecution and acquittal of a greater offense. . . . Here, however, the two counts were properly included in the original indictment." *Id.* at 248 (emphasis added). *Forsberg* thus held that it was not a violation of double jeopardy to retry Forsberg on the lesser included offense on which the jury deadlocked, notwithstanding Forsberg's acquittal on the greater charge. *Id.*

**[7]** There are a few notable differences between the procedural posture of *Forsberg* and that of the case at hand. The differences, however, do not limit the applicability of *Fors-*

*berg*'s holding here. In *Forsberg*, the retrial was pursuant to a hung jury, whereas in this case the defendants were retried pursuant to a successful reversal of their convictions on appeal. For purposes of the *Ball* rule, however, jeopardy continues on remand — and there is accordingly no double jeopardy violation — whether the retrial is precipitated by a hung jury or a defendant's successful reversal of conviction. *See Oregon v. Kennedy*, 456 U.S. 667, 671-72 (1982); *Downum v. United States*, 372 U.S. 734, 736 (1963); *Ball*, 163 U.S. at 671-72. *Forsberg* emphasizes this point at length with its consideration of the following hypothetical:

> Let us assume that appellant had been found not guilty on Count One and guilty on Count Two, and that his conviction on Count Two had been reversed with a remand for a new trial. We perceive no good reason why he could not have been retried on Count Two. Nor should the fact that there was a hung jury instead of a verdict of conviction bar his retrial on Count Two.

351 F.2d at 248.

The hypothetical also illustrates that even if there is a jeopardy terminating event on the "same offense" (such as an acquittal on the greater offense, as in the hypothetical, or a conviction on the lesser offenses, as in this case), the *Ball* rule applies. The reversed conviction may still be retried. *See United States v. Larkin*, 605 F.2d 1360, 1368 (5th Cir. 1979) ("a defendant may be retried on a lesser offense, of which he was convicted at an initial trial, after that conviction was reversed on appeal; and that . . . result obtains even though the first trial also resulted in a verdict of acquittal on a greater offense").

The hypothetical highlights a further difference. The issue in *Forsberg* arose because jeopardy on the greater charge terminated with an acquittal. In the present case, jeopardy termi-

nated with appellants' final convictions on the lesser included offenses. It does not matter for our purposes that *Forsberg* was acquitted as opposed to convicted on the greater offense.[4] What matters is that in both *Forsberg* and the instant case, jeopardy continued on the remaining count. In this case, it continued because of the successful appeal and reversal of conviction on the felony murder charge; in *Forsberg*, it continued because of the hung jury on the lesser assault charge.

**[8]** The last difference between *Forsberg* and this case is that jeopardy terminated in *Forsberg* on the greater offense while jeopardy terminated in this case on the lesser offenses. However, this makes no difference because the offenses are equivalent for purposes of double jeopardy, and the effect of the termination of jeopardy on one such offense is the same whether the offense was the greater offense or any lesser

---

[4]The district court in *Forsberg* was careful to instruct the jury in such a way as to prevent it from rendering guilty verdicts on *both* the lesser and greater included offenses. *See Forsberg*, 351 F.2d at 245-46. At oral argument, counsel for Miguel went so far as to say that, in doing so, *Forsberg* prefigured the Supreme Court's holding in *Rutledge v. United States* that a defendant may not stand convicted on both greater and lesser included offenses charged under the same indictment absent a clear indication by Congress to the contrary. *See* 517 U.S. 292, 301-03 (1996). Unlike this case, in *Forsberg*, a conviction on one count precluded a conviction on the other count in the same trial. As in this case, however, a conviction on either greater or lesser included count standing alone would have erected "a bar to *subsequent* prosecution on the other count" under a different indictment. *Forsberg*, 351 F.2d at 245 (emphasis added); *see also id.* at 248. Similarly, "[h]ad appellant been found guilty on both counts, [which was preempted in *Forsberg* by the district court's thoughtful jury instructions,] the imposition of more than one sentence would have been illegal." *Id.* at 245. However, as *Rutledge* later made clear, a conviction on the greater offense would not have precluded this court from subsequently directing entry of a judgment of conviction for the lesser included offense if the greater offense conviction had been reversed on appeal — for reasons that affect only the greater offense — and remanded for a new trial. *Rutledge*, 517 U.S. at 305 (citing with approval *United States v. Silvers*, 888 F.Supp. 1289, 1306-09 (D.Md. 1995), *aff'd in relevant part*, 90 F.3d 95 (4th Cir. 1996), where the district court followed this practice).

offense included in it. *See Brown*, 432 U.S. at 168-69. The relevant aspects of the procedural posture in this case are thus on all fours with *Forsberg* — the greater and lesser included offenses were tried together under the same indictment, jeopardy terminated as to one of the offenses, but did not end on the charge sought to be retried. Guided by *Forsberg*, we affirm the district court's decision denying appellants' motion to dismiss on double jeopardy grounds.

### D.   Appellants' Reliance on Green

Appellants also rely upon *Green v. United States*, 355 U.S. 184 (1957), to support their claim that the jeopardy terminating effect of a final adjudication on the lesser included offenses bars retrial on the greater offense. This reliance is misplaced. In *Green*, the Court held that a jury's conviction on the included offense of second degree murder constituted an "implicit acquittal" on the charge of first degree felony murder and thus that the defendant could not be retried on the greater murder charge. 355 U.S. at 190 & n.10. In the context of *Green*, appellants' theory of double jeopardy would lead to absurd results. Their theory would have made it impossible for the district court to retry Green on the charge of second degree murder even though this was the charge that formed the basis of his reversed conviction.[5]

In *Green*, the defendant was charged with arson and felony murder in the commission of an arson, which, under Washington, D.C. law, constituted murder in the first degree. *Id*. at 185. The judge instructed the jury that it could also find the defendant guilty of second degree murder under the second count of the indictment as "an offense included within the language charging first degree murder . . . ." *Id*. at 185-86. The jury found the defendant guilty of arson and second degree murder, but remained silent as to the felony murder charge.

---

[5]Counsel for Miguel agreed at oral argument that Green could have been retried for second degree murder.

*Id.* at 186. Green successfully appealed the second degree murder conviction and on remand was retried for first degree murder under the original indictment. *Id.* The jury this time found Green guilty of first degree murder and he was sentenced to death. *Id.*

Green appealed, claiming that his retrial for first degree murder violated his constitutional protections against double jeopardy. *Id.* The Court agreed, finding that "for purposes of former jeopardy" the jury should be understood to have "returned a verdict which expressly read: 'We find the defendant not guilty of murder in the first degree but guilty of murder in the second degree.' " *Id.* at 191. Based in part on this finding, the Court held that "this second trial for first degree murder placed Green in jeopardy twice for the same offense in violation of the Constitution." *Id.* at 190. For Jose and Miguel, Green's second trial was doubly barred — both because Green had been implicitly acquitted of first degree murder *and* because, according to appellants, "once a conviction on an included offense [in this case, arson] has become final, [re]trial on the greater offense [in this case, first degree felony murder] cannot thereafter be had." This, however, runs directly contrary to the Court's own understanding of *Green*. *See United States v. Tateo*, 377 U.S. 463, 465 n.1 (1964) ("[*Green*] holds only that when one is convicted of a lesser offense included in that charged in the original indictment, he can be retried *only for the offense of which he was convicted* rather than that with which he was originally charged.") (emphasis added); *see also Forsberg*, 351 F.2d at 247 (quoting *Tateo*, 377 U.S. at 465 n.1).

In fact, under appellants' logic, Green could not have been retried for *either* first *or* second degree murder. Under Jose and Miguel's double jeopardy framework, a retrial for second degree murder would also have been barred because jeopardy had already terminated on the first degree murder charge (by way of the implicit acquittal), and second degree murder was a lesser included offense of first degree murder. *See Green*,

355 U.S. at 194 n.14; *see also Goodall v. United States*, 180 F.2d 397, 400 (D.C. Cir. 1950). According to appellants, once jeopardy has terminated on a greater offense, retrial on the lesser offense cannot thereafter be had (even pursuant to a reversed conviction) because "an included offense is the 'same offense' as its greater offense" for purposes of double jeopardy. Thus, under the reading of *Green* compelled by appellants' double jeopardy theory, there was no way Green could have been retried following his successful appeal of his second degree murder conviction, even if his retrial had been limited to the charge of second degree murder. For Jose and Miguel's reading of *Green*, then, it matters a lot that Washington, D.C. considered second degree murder to be a lesser included offense of first degree felony murder, while for the *Green* Court this issue was "immaterial." *Green*, 355 U.S. at 194 n.14.

It is not without some irony that appellants rely heavily on *Green*, a case that manifestly undermines their argument. That their theory of double jeopardy would compel results so obviously contrary to *Green* and its progeny serves as a *reductio ad absurdum* of their position.

E.   *Practical Implications and Guidance for the Future*

We pause to consider the practical implications of our decision and to provide the district courts with some guidance. Prosecutors should not be discouraged from charging defendants with greater and lesser included offenses in separate counts under the same indictment. Indeed, if they fail to try the lesser and greater included offenses together in one trial, they may not, consistently with the protections of the Double Jeopardy Clause, later try the defendant for the related offense in a subsequent trial under a separate indictment. *See, e.g.*, *Brown*, 432 U.S. at 166. Although "[a] jury is generally instructed not to return a verdict on a lesser included offense once it has found the defendant guilty of the greater offense," *Rutledge*, 517 U.S. at 306 n.16, it is entirely appropriate for

a judge to instruct a jury to render a verdict on a greater offense and its lesser included predicates. As the government suggested at oral argument, this way of doing things presents a "cleaner package" to the jury. In this case, the district court, by instructing the jurors to render verdicts on each of the predicate felonies — independently of their verdict on the felony murder charge — may have made it easier for the jurors to understand that charge, the arcane nature of which may at first appear rather inscrutable to a lay person.

[9] Should a jury find a defendant guilty of both the greater and lesser included offenses within the same indictment, *Rutledge* counsels that the district court not enter a final judgment of conviction on both offenses, unless Congress clearly indicates that it intended to allow multiple punishments. *Id.* at 301-03. Even if the district court does not impose sentence on the lesser included offenses, as was the case here, the bare existence of the other convictions may have potentially adverse collateral consequences, such as delaying eligibility for parole or enhancing a sentence for a future conviction under a recidivist statute. *See id.* at 302 (citing *Ball v. United States*, 470 U.S. 856, 864-65 (1985)). Thus, when a jury convicts on both the greater and lesser included offenses, absent a clear indication by Congress that it intended to allow punishment for both offenses, the district court should enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense. *Rutledge*, 517 U.S. at 306 (endorsing this practice). However, if the greater offense is later reversed on appeal, the appellate court should reinstate the previously vacated convictions on the lesser included offenses. *Id.* ("[F]ederal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense.");[6] *see also United States v. Vasquez-Chan*, 978 F.2d

---

[6]In dicta, in *United States v. Medina*, we shied away from this approach. 940 F.2d 1247, 1253 (9th Cir. 1991). To the extent that *Rutledge* endorses this practice, however, *Medina* has been overruled.

546, 554 (9th Cir. 1992) (endorsing this practice in some instances).

**[10]** Here, assuming without deciding that the district court erred by entering final judgment on all convictions (even though it refrained from sentencing on the predicate felony convictions), this court previously corrected the error when it affirmed the predicate felony convictions on appeal notwithstanding that the defendants appealed only their convictions on the felony murder counts. *Miguel*, 338 F.3d at 997 n.3. By affirming the predicate felony convictions *sua sponte*, this court effectively vacated the convictions on the lesser included offenses and reinstated them in one fell swoop. If the defendants are reconvicted on the felony murder charges, absent a clear indication by Congress that it intended to allow punishment for both felony murder and the predicate felonies, the district court should vacate the (now effectively) reinstated convictions on the lesser included offenses per *Rutledge*. 517 U.S. at 306.

### III.   Conclusion

Jeopardy continued on the felony murder charges upon retrial for the reversed convictions. Because final convictions on the underlying predicate felonies do not trigger double jeopardy protections against retrial of the greater offense originally charged under the *same* indictment in the *same* trial, we affirm the district court's denial of appellants' motion to dismiss.

**AFFIRMED**.