[No. 33678-2-II.   Division Two.   April 29, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. GUY DANIEL TURNER, *Appellant*.

---

*Carol Elewski*, for appellant.

*Gerald A. Horne, Prosecuting Attorney*, and *Todd A. Campbell* and *Karen A. Watson, Deputies*, for respondent.

¶1 BRIDGEWATER, J. — Guy Daniel Turner requests that this court vacate his second degree assault conviction, which the trial court did not reduce to judgment, based on double jeopardy considerations. Our Supreme Court asked us to reconsider this issue in light of its recent decision in

*State v. Womac*, 160 Wn.2d 643, 160 P.3d 40 (2007). After reviewing *Womac*, we decide not to vacate Turner's second degree assault conviction because it does not violate double jeopardy.

¶2 The State charged Turner in the alternative with first degree assault and first degree robbery. A jury convicted Turner of second degree assault and first degree robbery. Turner moved to have the assault conviction merge with the robbery conviction and the State agreed, citing *State v. Freeman*, 153 Wn.2d 765, 778, 108 P.3d 753 (2005). The *Freeman* court held, "Under the merger rule, assault committed in furtherance of a robbery merges with robbery and without contrary legislative intent or application of an exception, these crimes would merge." *Freeman*, 153 Wn.2d at 778. Neither party contests that in order to prove first degree robbery, the State had to prove that Turner committed an assault in furtherance of the robbery.

¶3 The State asked the trial court to sign an order indicating that (1) a jury found Turner guilty of both the first degree robbery count and the second degree assault count, (2) the second degree assault charge merged into the robbery charge, and (3) the trial court would vacate the assault charge for purposes of sentencing. But it also asked the trial court to indicate that the conviction for assault was valid and could be taken to sentencing if the Court of Appeals found any problems with the robbery conviction. Over Turner's double-jeopardy-based objection the trial court signed the order.

¶4 On appeal, Turner argued, inter alia, for us to vacate the assault conviction. Our commissioner entered a ruling affirming judgment, noting that because we upheld the robbery conviction, there was no need to address Turner's merger argument. After we denied his motion to modify the commissioner's ruling, Turner petitioned for review, pro se, to our Supreme Court, which remanded to us for reconsideration in light of *Womac*.

¶5 As a preliminary matter, we note that this issue is moot because the Supreme Court did not overturn Turner's

first degree robbery conviction. Nevertheless, we are bound by the Supreme Court to consider the issue.

¶6 *Womac* makes it clear that in order to avoid double jeopardy, a trial court must vacate a charge that it has reduced to judgment but chooses not to sentence. *Womac*, 160 Wn.2d at 660. That is not the case here because the trial court never reduced Turner's second degree assault conviction to judgment.

¶7 The *Womac* court considered *State v. Ward*, 125 Wn. App. 138, 104 P.3d 61 (2005), and *State v. Trujillo*, 112 Wn. App. 390, 410, 49 P.3d 935 (2002), *review denied*, 149 Wn.2d 1002 (2003), two cases that we rely on today as dispositive in Turner's case. *Womac*, 160 Wn.2d at 659-60. In *Ward*, the jury found the defendant guilty of second degree felony murder and, alternatively, first degree manslaughter, which was a lesser-included offense of second degree intentional murder. *Ward*, 125 Wn. App. at 144. The trial court entered a judgment and sentence solely on the second degree felony murder conviction. *Ward*, 125 Wn. App. at 144. The trial court denied the defendant's motion to vacate the first degree manslaughter conviction, but it chose not to mention the valid manslaughter conviction in the judgment and sentence. *Ward*, 125 Wn. App. at 142, 144. When the court subsequently vacated his judgment and sentence for second degree felony murder, he argued that the trial court could not charge, try, or sentence him on the first degree manslaughter conviction because the trial court should have vacated that verdict, or that it was vacated by "operation of law." *Ward*, 125 Wn. App. at 144.

¶8 Division One of this court determined that convicting and sentencing a defendant for both second degree felony murder and first degree manslaughter would violate double jeopardy and noted that where there is a violation of double jeopardy, the remedy is to vacate one of the convictions and sentences. *Ward*, 125 Wn. App. at 144. But Division One found no double jeopardy violation because the trial court had entered judgment and sentenced the defendant on only the second degree felony murder conviction. *Ward*, 125 Wn.

App. at 144. Because there was no violation of double jeopardy, the trial court was not required to vacate the defendant's manslaughter conviction. *Ward*, 125 Wn. App. at 145.

¶9 Similarly, in *Trujillo*, a jury convicted four defendants of first degree assault and, in the alternative, first degree attempted murder. *Trujillo*, 112 Wn. App. at 408-09. We held, "[W]here the jury returns a verdict of guilty on each alternative charge, the court should enter a judgment on the greater offense only and sentence the defendant on that charge without reference to the verdict on the lesser offense." *Trujillo*, 112 Wn. App. at 411. We then reasoned that because the trial court did not reduce the verdict for first degree assault to judgment, it "does not subject the appellants to any future jeopardy." *Trujillo*, 112 Wn. App. at 411. We also noted that if the trial court had reduced the jury's verdict on assault to judgment, "the trial court should enter an order vacating the assault judgment." *Trujillo*, 112 Wn. App. at 412 n.15.

¶10 The *Womac* court noted that the defendant in that case was not charged in the alternative and then based its decision to vacate the conviction on the fact that the trial court reduced the defendant's convictions to judgment. *Womac*, 160 Wn.2d at 660. As such, the *Womac* court determined that the remaining counts violated double jeopardy and, accordingly, ordered the trial court to vacate both. *Womac*, 160 Wn.2d at 660.

¶11 Here, the trial court did not reduce Turner's second degree assault conviction to judgment and did not sentence him for the conviction. Nor did the trial court include any information about the second degree assault conviction in Turner's judgment and sentence: Thus, this case is distinguishable from *Womac*, and under *Ward* and *Trujillo*, Turner's second degree assault conviction did not subject him to double jeopardy. Accordingly, we do not vacate Turner's conviction for second degree assault.

HUNT and PENOYAR, JJ., concur.

Review granted at 165 Wn.2d 1002 (2008).