[Nos. 81626-3; 82336-7. En Banc.]
Argued January 21, 2010. Decided August 19, 2010.

THE STATE OF WASHINGTON, *Respondent*, v. GUY DANIEL TURNER, *Petitioner*.

THE STATE OF WASHINGTON, *Respondent*, v. FAULOLUA FAAGATA, JR., *Petitioner*.

*Dino G. Sepe* and *Eric J. Nielsen* (of *Nielsen, Broman & Koch PLLC*), for petitioners.

*Mark E. Lindquist, Prosecuting Attorney,* and *Todd A. Campbell, Karen A. Watson,* and *Michelle Hyer, Deputies,* for respondent.

¶1 J.M. JOHNSON, J. — Guy Daniel Turner was convicted of first degree robbery and second degree assault arising from a single shoplifting event. In order to avoid a double

jeopardy violation, the trial court vacated the assault conviction and sentenced Turner only for the robbery. However, the court also issued a written order stating that the assault conviction was a valid conviction for which Turner could be sentenced if his other conviction was overturned on appeal. Turner objected to the issuance of this order on double jeopardy grounds.

¶2 Separately, Faulolua Faagata, Jr., was convicted of first degree murder and second degree felony murder for fatally shooting a stranger. Based on similar double jeopardy arguments, the trial court vacated Faagata's felony murder conviction, but did so conditionally, and sentenced Faagata for only first degree murder. The court also indicated that the felony murder conviction could be reinstated if the other murder conviction failed on appeal; Faagata, like Turner, claimed that this violated double jeopardy. After the Court of Appeals affirmed both decisions, including the conditional provisions, Turner and Faagata petitioned this court for review. We consolidated their petitions and reverse the Court of Appeals in both cases on the grounds that conditional vacations of the sort attempted in *Turner* and *Faagata* offend double jeopardy. This result does not dictate, however, that such a conviction vacated on double jeopardy grounds may not be reinstated where the greater offense is reversed on grounds not applying to the lesser. *See infra* pp. 455-61 and note 7.

FACTS AND PROCEDURAL HISTORY

¶3 On June 6, 2005, Guy Daniel Turner was convicted of first degree robbery and second degree assault after shoplifting various items from Home Depot and stabbing an in-store security guard who tried to apprehend him. In order to avoid sentencing Turner for two crimes based on the same criminal conduct—and thereby violating double jeopardy—the trial court issued a written order vacating the assault conviction for sentencing purposes but insisting that the assault conviction was "nevertheless a valid con-

viction" for which Turner could be sentenced if his remaining robbery conviction did not survive appeal. Turner Clerk's Papers (Turner CP) at 17. The court subsequently sentenced Turner for only the robbery.

¶4 In a separate case, Faulolua Faagata, Jr., was convicted of both first degree murder and second degree felony murder on April 2, 2007, for fatally shooting a stranger whom he had agreed to drive home from a bar in exchange for cash. However, because of similar double jeopardy concerns, the trial court conditionally dismissed the felony murder conviction and sentenced Faagata for only first degree murder. The court justified its conditional dismissal of the lesser conviction as follows:

> Well, I'm going to dismiss Count II [second degree felony murder], but I'm going to do it conditionally. I'm going to follow *Womac* . . . .[1] We have a jury that entered a conviction, and I don't think that the jury's finding should be a nullity. I think it's entitled to some weight. So I'm going to dismiss it conditionally with the understanding that should Count I [first degree murder] be reversed . . . it can be reinstated . . . .

Faagata Report of Proceedings (Faagata RP) (May 24, 2007) at 24. The court went on to sentence Faagata for only first degree murder.

¶5 Both Turner and Faagata appealed, arguing, inter alia, that double jeopardy demanded nothing less than the permanent, unconditional vacation of their lesser convictions.[2] The Court of Appeals was unconvinced in both cases and affirmed the trial courts. *State v. Turner*, 144 Wn. App. 279, 182 P.3d 478 (2008); *State v. Faagata*, 147 Wn. App. 236, 193 P.3d 1132 (2008). The defendants then separately petitioned this court for review, which was granted only on

---

[1] The case to which the court refers is *State v. Womac*, 130 Wn. App. 450, 123 P.3d 528 (2005), *aff'd in part, rev'd in part by State v. Womac*, 160 Wn.2d 643, 160 P.3d 40 (2007). *See* discussion *infra* pp. 461-63.

[2] Turner also challenged the effectiveness of his trial counsel and the sufficiency of the evidence supporting his robbery conviction, Appellant's Br. (Turner) at 1, and Faagata the sufficiency of the evidence supporting his jury's finding of deliberate cruelty, Br. of Appellant (Faagata) at 2. These issues are not before us.

the double jeopardy issue, and we consolidated the cases. *State v. Turner*, 165 Wn.2d 1002, 198 P.3d 512 (2008); *State v. Faagata*, 165 Wn.2d 1041, 204 P.3d 215 (2009).

■ ¶6 Double jeopardy claims raise questions of law, which we review de novo. *State v. Kelley*, 168 Wn.2d 72, 76, 226 P.3d 773 (2010) (citing *State v. Hughes*, 166 Wn.2d 675, 681, 212 P.3d 558 (2009)).

ANALYSIS

I. Double Jeopardy

■■ ¶7 Both our federal and state constitutions protect persons from being twice put in jeopardy for the same offense. *See* U.S. CONST. amend. V; WASH. CONST. art. I, § 9. We have held that "Washington's double jeopardy clause is coextensive with the federal double jeopardy clause and 'is given the same interpretation the Supreme Court gives to the Fifth Amendment.'" *State v. Eggleston*, 164 Wn.2d 61, 70, 187 P.3d 233 (2008) (quoting *State v. Gocken*, 127 Wn.2d 95, 107, 896 P.2d 1267 (1995)). Consequently, both clauses have been interpreted so as to protect against the same triumvirate of constitutional evils: "being (1) prosecuted a second time for the same offense after acquittal, (2) prosecuted a second time for the same offense after conviction, and (3) punished multiple times for the same offense." *State v. Linton*, 156 Wn.2d 777, 783, 132 P.3d 127 (2006) (citing *State v. Graham*, 153 Wn.2d 400, 404, 103 P.3d 1238 (2005); *Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977)). The last of these three protections, the prohibition against imposing multiple punishments for the same criminal conduct, is implicated here.

■ ¶8 The term "punishment" encompasses more than just a defendant's sentence for purposes of double jeopardy. *See State v. Womac*, 160 Wn.2d 643, 656-58, 160 P.3d 40 (2007). Indeed, even a conviction alone, without an accom-

panying sentence, can constitute "punishment" sufficient to trigger double jeopardy protections. *Id.* at 657. As the United States Supreme Court clarified in *Ball v. United States*, 470 U.S. 856, 865, 105 S. Ct. 1668, 84 L. Ed. 2d 740 (1985):

> The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction.

(Emphasis omitted.) We similarly have acknowledged "the adverse consequences that could result from multiple convictions alone," *State v. Calle*, 125 Wn.2d 769, 774, 888 P.2d 155 (1995), and noted that " '[c]onviction in itself, even without imposition of sentence, carries an unmistakable onus which has a punitive effect . . . ,' " *id.* (quoting *State v. Johnson*, 92 Wn.2d 671, 679, 600 P.2d 1249 (1979), *cert. dismissed*, 446 U.S. 948 (1980)). We must now decide whether these adverse consequences are alleviated by the conditional vacation of the lesser of a defendant's two convictions for the same offense—either conditional vacation by a written order appended to a defendant's judgment and sentence, as in *Turner*, or by oral judicial stipulation, as in *Faagata*—or whether permanent vacation of such convictions is required.

## II. Federal Law

¶9 An abundance of federal law, including opinions issued by the United States Supreme Court, has held that permanent, unconditional vacation is not required. Federal courts have held that double jeopardy does not bar the revival of a lesser conviction previously vacated on double jeopardy grounds when the defendant's greater conviction is overturned on appeal on grounds that affect only the

greater offense.[3] It follows that the vacation of the lesser of two convictions based on the same criminal conduct need not be permanent in order to satisfy double jeopardy.

¶10 The leading federal case on the issue of double jeopardy and multiple convictions is *Rutledge v. United States*, 517 U.S. 292, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996). In *Rutledge*, a jury found the defendant guilty of conspiracy to distribute a controlled substance and conducting a continuing criminal enterprise (distribution of cocaine); the " 'in concert' " element of the latter was based on the same agreement as the former. *Id.* at 294-95. The defendant received concurrent life sentences on the two counts. *Id.* at 295. On appeal, the Supreme Court held that the conspiracy offense was a lesser included offense of the criminal enterprise offense; it also held that double jeopardy barred convictions for both offenses and remanded for vacation of one of them. *Id.* at 300, 307 (" '[o]ne of [the petitioner's] convictions . . . is unauthorized punishment for a separate offense' and must be vacated" (second alteration in original) (quoting *Ball*, 470 U.S. at 864)).

¶11 The Supreme Court did not pass judgment on whether the vacation could be explicitly conditional like the vacations in today's cases. Instead, the Court noted that the "federal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense." *Id.* at 306. The Court found no fault with using the lesser conviction as a " 'backup' conviction" to prevent "a defendant who later successfully challenges his greater offense from escaping punishment altogether . . . ." *Id.* at 305. While this does not endorse express conditional vacation of lesser convictions per se, it emphatically states that

---

[3] In general, these courts reason that double jeopardy is not offended by the reinstatement of a previously vacated lesser conviction because the defendant is neither subject to two prosecutions for the same offense (the defendant is prosecuted only once for the crimes) nor punished twice for the same offense (the defendant is punished only for the lesser offense). *See* discussion *infra* p. 458-59.

permanent, unconditional vacation of such convictions is not constitutionally required.

¶12 Other federal cases, including several decided by the United States Supreme Court, have reached a similar conclusion with respect to the reinstatement of a defendant's lesser conviction following the appellate reversal of a more serious conviction for the same criminal conduct. *See, e.g., Jones v. Thomas*, 491 U.S. 376, 384 n.3, 109 S. Ct. 2522, 105 L. Ed. 2d 322 (1989) (citing *Morris v. Mathews*, 475 U.S. 237, 246-47, 106 S. Ct. 1032, 89 L. Ed. 2d 187 (1986)); *Morris*, 475 U.S. at 247 (reinstatement of lesser conviction permissible so long as defendant cannot show that "but for the . . . inclusion of the [greater] charge, the result of the proceeding probably would have been different"); *United States v. Davenport*, 519 F.3d 940, 948 (9th Cir. 2008) (remanding with directions that "the district court vacate [the defendant's] conviction on one of the two counts, allowing for it to be reinstated without prejudice if his other conviction should be overturned on direct or collateral review"); *United States v. West*, 201 F.3d 1312 (11th Cir. 2000) (remanding to district court with instructions to reinstate conviction for lesser included offense following appellate vacation of the defendant's more serious conviction); *United States v. Silvers*, 90 F.3d 95, 99 (4th Cir. 1996) (defendant not subjected to multiple punishments in violation of double jeopardy when lesser conviction reinstated following appellate vacation of more serious conviction; rather, "[b]y reinstating the [lesser] conviction, the district court avoided giving Silvers a windfall and placed him in exactly the same position he would have been in had he not been erroneously convicted of the [greater offense] in the first instance"); *Smith v. Fraker*, No. C09-1455-JLR-BAT, 2010 WL 816147, at *2, 2010 U.S. Dist. LEXIS 22714, at *6 (W.D. Wash. Mar. 8, 2010) ("The Double Jeopardy Clause imposes no limitations on the state . . . to reinstate a conviction which was vacated solely to prevent double punishment for the same crime" (citing *Rutledge*, 517 U.S.

292)).[4] These cases suggest that there is no double jeopardy bar to reinstatement of the lesser of two convictions that was initially vacated on double jeopardy grounds following reversal of the defendant's more serious conviction on appeal.

¶13 The Ninth Circuit Court of Appeals has offered specific guidance on the application of this rule to cases in which the defendant has been convicted of both greater and lesser offenses. In *United States v. Jose*, 425 F.3d 1237 (9th Cir. 2005), the court engaged in a detailed discussion of how double jeopardy concerns might affect such cases. The defendants in *Jose* were convicted of felony murder and three predicate felonies; they successfully appealed their felony murder convictions, which were reversed and vacated. *Jose*, 425 F.3d at 1240. On remand, the defendants moved to dismiss the indictment on double jeopardy grounds, arguing that final convictions on the lesser predicate felonies precluded retrial on the more serious felony murder charge. *Id.* The district court denied the defendants' motion and the Ninth Circuit affirmed, offering the following guidance on how lower courts should manage cases with simultaneous convictions for greater and lesser offenses:

> We pause to consider the practical implications of our decision and to provide the district courts with some guidance.

---

[4] In *Smith*, a jury convicted the petitioner of two crimes: second degree felony murder based on assault as the predicate felony and first degree manslaughter. *Smith*, 2010 WL 816147, at *1, 2010 U.S. Dist. LEXIS 22714, at *1-2. The manslaughter conviction was vacated on appeal on double jeopardy grounds. *Id.* Subsequently, the felony murder conviction was also vacated, in response to which the trial court reinstated the previously vacated manslaughter conviction. *Id.* The petitioner filed a habeas corpus petition in federal district court, arguing that that conviction could not be reinstated once vacated. *Id.* at *2, 2010 U.S. Dist. LEXIS 22714, at *3. The court responded that the petitioner "cannot have his cake and eat it too. He cannot obtain vacation of the manslaughter conviction under the double jeopardy clause and then complain about reinstatement when he no longer faces multiple punishments." *Id.* at *4, 2010 U.S. Dist. LEXIS 22714, at *10. The court added: "By reinstating the manslaughter conviction, the state court avoided giving petitioner a 'windfall' and instead placed him in exactly the same position he would have been had he not been erroneously convicted of the felony murder in the first instance." *Id.*, 2010 U.S. Dist. LEXIS 22714, at *11. As a result of this reasoning, the court denied the petition. *Id.* at *5, 2010 U.S. Dist. LEXIS 22714, at *12.

Prosecutors should not be discouraged from charging defendants with greater and lesser included offenses in separate counts under the same indictment. Indeed, if they fail to try the lesser and greater included offenses together in one trial, they may not, consistently with the protections of the Double Jeopardy Clause, later try the defendant for the related offense in a subsequent trial under a separate indictment. *See, e.g., Brown* [*v. Ohio*], 432 U.S. [161,] 166, 97 S.Ct. 2221[, 53 L.Ed.2d 187 (1977)]. Although "[a] jury is generally instructed not to return a verdict on a lesser included offense once it has found the defendant guilty of the greater offense," *Rutledge*, 517 U.S. at 306 n.16, 116 S.Ct. 1241, it is entirely appropriate for a judge to instruct a jury to render a verdict on a greater offense and its lesser included predicates. . . .

Should a jury find a defendant guilty of both the greater and lesser included offenses within the same indictment, *Rutledge* counsels that the [trial] court not enter a final judgment of conviction on both offenses, unless Congress [or the legislature] clearly indicates that it intended to allow multiple punishments. *Id.* at 301-03, 116 S.Ct. 1241. Even if the [trial] court does not impose sentence on the lesser included offenses, as was the case here, the bare existence of the other convictions may have potentially adverse collateral consequences, such as delaying eligibility for parole or enhancing a sentence for a future conviction under a recidivist statute. *See id.* at 302, 116 S.Ct. 1241 (citing *Ball v. United States*, 470 U.S. 856, 864-65, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985)). Thus, when a jury convicts on both the greater and lesser included offenses, absent a clear indication by Congress [or the legislature] that it intended to allow punishment for both offenses, the [trial] court should enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense. *Rutledge*, 517 U.S. at 306, 116 S.Ct. 1241 (endorsing this practice). However, if the greater offense is later reversed on appeal, the appellate court should reinstate the previously vacated convictions on the lesser included offenses. *Id.* ("[F]ederal appellate courts appear to have uniformly concluded that they may direct the entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense."); *see also United States v. Vasquez-Chan*, 978 F.2d 546, 554 (9th Cir.1992)

(endorsing this practice in some instances)[, *rev'd on other grounds by United States v. Nevils*, 598 F.3d 1158, (9th Cir. 2010)].

*Jose*, 425 F.3d at 1247 (footnote omitted) (some alterations in original). This analysis was subsequently confirmed by a Ninth Circuit case that squarely addressed the issue. *See United States v. Cabaccang*, 481 F.3d 1176 (9th Cir. 2007) (affirming district court ruling that followed reinstatement procedure set out in *Jose* and *Rutledge*).

¶14 These federal cases conclude that constitutional double jeopardy principles are not offended by reinstating the lesser of two convictions for the same criminal conduct when (i) the lesser conviction was originally vacated on double jeopardy grounds and (ii) the greater conviction is itself reversed on appeal for reasons not related to the lesser offense.[5] A defendant faced with such a reinstatement is subject to neither multiple prosecutions nor multiple punishments for the same offense. With respect to the first concern, reinstatement of the lesser conviction can occur only if the conviction for the more serious offense is vacated, and it therefore subjects the defendant to only one punishment for his conduct. With respect to the second, reinstatement does not constitute an unconstitutional successive prosecution—the defendant was prosecuted only once for both offenses, and is not subjected to a second trial for the lesser offense.[6]

¶15 Although it seems clear that reinstating a previously vacated lesser conviction under the circumstances

---

[5] Several state cases have applied this rule as well. *See, e.g., State v. Schwab*, 134 Wn. App. 635, 141 P.3d 658 (2006), *aff'd*, 163 Wn.2d 664, 185 P.2d 1151 (2008); *State v. Ward*, 125 Wn. App. 138, 104 P.3d 61 (2005).

[6] As mentioned in several cases, if the lesser conviction is not reinstated when the more serious conviction is vacated on appeal, the defendant would not be punished for any offense. Double jeopardy principles do not entitle the defendant to such an advantage. "[N]either the Double Jeopardy Clause nor any other constitutional provision exists to provide unjustified windfalls." *Jones*, 491 U.S. at 387.

described above does not offend double jeopardy,[7] no federal cases discuss conditional vacations like those at issue in *Turner* and *Faagata*—vacations in which a judge expressly rules, either orally or in writing, that a conviction that violates double jeopardy is nevertheless "valid" for purposes of possible reinstatement at sentencing. The question remains: if double jeopardy does not require permanent, unconditional vacation of the lesser of two convictions for the same criminal conduct, does it allow a court to declare a conviction conditionally vacated yet valid?

## III. State Law

¶16 We must turn to the decisions of this Court and lower courts in our jurisdiction in order to answer this question. Two cases—*State v. Womac*, 160 Wn.2d at 643 and *State v. Trujillo*, 112 Wn. App. 390, 49 P.3d 935 (2002)—address the issues raised by conditional vacation in the context of double jeopardy, and we discuss each of them in turn.

¶17 In *Womac*, the defendant was convicted of three crimes—homicide by abuse, second degree felony murder, and first degree assault—for causing the death of his infant son. *Womac*, 160 Wn.2d at 647. Although the trial court entered judgment on all three convictions, it sentenced the defendant only for homicide by abuse in order to avoid violating double jeopardy. *Id.* The Court of Appeals subsequently affirmed the homicide by abuse conviction and directed the trial court to conditionally dismiss the others, subject to reinstatement should the homicide by abuse conviction be struck down on appeal.[8] *Id.*

¶18 We emphatically reversed the appellate court's direction with respect to the conditional dismissal of the

---

[7] This rule assumes, of course, that the grounds for reversal of the greater conviction do not affect the lesser conviction and that the lesser conviction did not result from evidence admissible only against the more serious offense.

[8] The trial court in *Faagata* relied on the Court of Appeals' reasoning, which we had not yet reviewed, when it conditionally vacated Faagata's felony murder conviction. See *supra* note 1 and accompanying text.

felony murder and assault convictions, finding such action to be "entirely without support." *Id.* at 649, 658. In so ruling, we distinguished a similar case in which multiple convictions for the same offense had *not* offended double jeopardy on the basis that, in that case, the court did not reduce the defendants' lesser convictions to judgment. *Womac*, 160 Wn.2d at 659-60. We also distinguished *Trujillo* based on the manner in which the defendants were charged, but this charging distinction is not determinative in these cases.[9]

¶19 In *Womac*, on the contrary, we noted that "the trial court *did* enter judgment on [the two lesser counts,] declaring both convictions 'valid' while clarifying that imposing separate punishments would violate double jeopardy . . . ." *Womac*, 160 Wn.2d at 658. Under such circumstances, we concluded that a conditional dismissal allowing for reinstatement of the lesser convictions would impermissibly allow the State to take "multiple bites at the apple." *Id.* at 651. This directly contravened the common sense double jeopardy principle that "a court has no authority to 'take a verdict on another charge . . . , find that it violates double jeopardy . . . , not sentence the defendant . . . on it[,] and just . . . hold it in abeyance for a later time.'" *Id.* at 659 (alterations in original) (quoting trial counsel, Verbatim Report of Proceedings at 1074); *accord Jose*, 425 F.3d at 1247. Consistent with this basic principle, we directed the trial court to vacate Womac's lesser convictions. *Womac*, 160 Wn.2d at 660.

¶20 The present case shares common elements with both cases. Like the convictions at issue in *Trujillo*, those in

---

[9] Womac was charged separately, whereas the defendants in *Trujillo* were charged in the alternative. *See Womac*, 160 Wn.2d at 659-60. We agree with the Court of Appeals that this distinction makes little difference in the double jeopardy context as presented herein. *See Faagata*, 147 Wn. App. at 247 n.9 ("[T]he difference between charging a defendant in the alternative and charging a defendant for separate offenses is insignificant for purposes of double jeopardy. Ultimately, juries are required to return verdicts on all counts, and trial courts, where appropriate, are required to either merge convictions or enter judgment and sentence on only one of multiple convictions so as to avoid double jeopardy. So while charging in the alternative versus charging for separate offenses is technically different, the practical result of doing so in this context is the same.").

*Turner* and *Faagata* were not reduced to judgment, nor do they appear on the defendants' records. In this sense, the trial courts' conditional dismissals of Turner's and Faagata's lesser convictions are unproblematic under *Womac*. However, as in *Womac*, the courts in both cases indeed sought to expressly hold the defendants' lesser convictions " 'in abeyance' " lest their other convictions failed on appeal, declaring in each case that the conviction retained validity. *Womac*, 160 Wn.2d at 659; Turner CP at 17 (lesser conviction was "nevertheless a valid conviction"); Faagata RP (May 24, 2007) at 24 ("I don't think that the jury's finding should be a nullity. I think it's entitled to some weight."). From this perspective, their conditional dismissals seem to contradict the *Womac* standard. In order to resolve this conflict, a more comprehensive analysis of the reasoning underlying *Trujillo* is necessary.

¶21 In *Trujillo*, a jury convicted four defendants of first degree assault for the near-fatal shooting of a rival gang member and, in the alternative, first degree attempted murder. *Trujillo*, 112 Wn. App. at 393. The trial court sought to avoid offending double jeopardy by vacating the defendants' assault convictions and entering judgment against and sentencing them only for their attempted murder convictions. *Id.* at 400. Nevertheless, the defendants appealed their multiple convictions on double jeopardy grounds. *Id.* at 400, 409.

¶22 In evaluating the claim, the Court of Appeals concluded that, when faced with multiple convictions for the same conduct, courts "should enter a judgment on the greater offense only and sentence the defendant on that charge *without reference to the verdict* on the lesser offense." *Id.* at 411 (emphasis added). In *Trujillo*, the trial court had complied with this directive: it vacated the assault convictions of three out of the four defendants, and entered judgment and sentenced them entirely without reference to those convictions. As such, double jeopardy was not of-

fended by the lesser assault convictions, and the Court of Appeals affirmed the trial court.[10] *Id.* at 411-12.

¶23 It is worth noting that, under the Court of Appeals' analysis, a trial court must avoid (i) entering judgment on a defendant's lesser conviction and (ii) referencing that conviction when sentencing a defendant convicted of multiple crimes for the same criminal conduct. This is precisely what Turner and Faagata demanded, but did not receive, at trial and on appeal—vacation of their lesser convictions without reference to any validity attributable to those convictions. Although *Womac* emphasized the former element (entry of judgment) in distinguishing *Trujillo*, the latter (the lack of any reference to the lesser conviction by the sentencing court, i.e., any indication that there is another viable conviction) is also important to the decision. As the United States Supreme Court observed in *Ball* and we noted in *Calle*, a conviction that retains validity may result in adverse consequences and so constitute punishment; at a minimum a conviction carries a societal stigma. *Ball*, 470 U.S. at 865; *Calle*, 125 Wn.2d at 773-75.

IV. Application to Turner and Faagata

■ ■ ¶24 Turning to the cases before us today, we conclude that a court may violate double jeopardy *either* by reducing to judgment both the greater and the lesser of two convictions for the same offense *or* by conditionally vacating the lesser conviction while directing, in some form or another, that the conviction nonetheless remains valid. To assure that double jeopardy proscriptions are carefully observed, a judgment and sentence must not include any reference to the vacated conviction—nor may an order appended thereto include such a reference; similarly, no

---

[10] The remedy for the fourth defendant, Trujillo, differed from that of the other defendants because the record did not include a copy of his judgment and sentence. This omission prevented the court from ascertaining whether his assault verdict had been reduced to judgment or whether the trial court had referenced that verdict during sentencing. *See Trujillo*, 112 Wn. App. at 412 n.15. The court consequently remanded, instructing the trial court to vacate Trujillo's assault conviction if the verdict had been reduced to judgment. *Id.* at 412.

reference should be made to the vacated conviction at sentencing. This approach conforms to our reasoning in *Womac* and reconciles our holding in that case with those in *Trujillo* and the federal cases discussed earlier in this opinion, as well as with our application in *Schwab* and *Ward* of the rule announced in those cases, *see State v. Schwab*, 134 Wn. App. 635, 141 P.3d 658 (2006), *aff'd*, 163 Wn.2d 664, 185 P.2d 1151 (2008); *State v. Ward*, 125 Wn. App. 138, 104 P.3d 61 (2005).

¶25 In light of our analysis, we conclude that the conditional vacations in *Turner* and *Faagata* were in error. Double jeopardy prohibits courts from explicitly holding vacated lesser convictions alive for reinstatement should the more serious conviction for the same criminal conduct fail on appeal—by means of the judgment, orders, or otherwise. It is the validity that this practice lends to the vacated conviction that is the problem. Such convictions may, however, be revived without violating double jeopardy under appropriate circumstances, *see supra* note 7 and discussion on pages 455-61.

¶26 To resolve any confusion from *Womac*'s discussion of *Trujillo*, we stress that the rule applies even when the lesser convictions are not actually reduced to judgment and do not appear on defendants' criminal records. The conditional written order appended to Turner's judgment and sentence and the similar court language at Faagata's sentencing both openly recognized the validity of the defendants' vacated lesser convictions. We hold that such references offend double jeopardy and are not allowed.[11]

CONCLUSION

¶27 The double jeopardy clause prohibits the imposition of multiple punishments for the same criminal conduct

---

[11] We note that our holding today does not abrogate the rule articulated in *Rutledge* and *Jose* and applied in *Ward* that a lesser conviction previously vacated on double jeopardy grounds can be reinstated following the appellate reversal of a defendant's more serious conviction based on the same criminal conduct. That rule remains good law in this state, and such reinstatement does not offend either the Fifth Amendment or article I, section 9 of our state constitution. We hold only that the explicit conditional vacation of a lesser conviction, either orally as in *Faagata* or by written order as in *Turner*, violates double jeopardy.

("same offense," WASH. CONST. art. I, § 9). In keeping with this principle, the trial courts in *Turner* and *Faagata* vacated the lesser of two convictions that each defendant received for his offense. The courts also attempted to keep the vacated convictions "alive" for purposes of possible reinstatement should the convictions for the greater offenses be reversed. This contravenes double jeopardy as stated forcefully in *Womac* and clarified herein, and it finds no support in double jeopardy jurisprudence. It remains the law that a lesser conviction previously vacated on double jeopardy grounds may be reinstated if the defendant's conviction for a more serious offense based on the same act is subsequently overturned on appeal.[12] However, the lesser conviction, once vacated, and prior to reinstatement, is not "a valid conviction" and is not "entitled to some weight," contrary to the trial courts' rulings in these cases. We therefore reverse the Court of Appeals in both cases and remand to the trial courts with directions to (i) enter a corrected judgment removing the conditional vacation order appended to Turner's judgment and sentence and (ii) redact all references to any validity or import attributable to the vacated lesser conviction in Faagata's case. In the future, the better practice will be for trial courts to refrain from any reference to the possible reinstatement of a vacated lesser conviction.

MADSEN, C.J., and C. JOHNSON, ALEXANDER, SANDERS, CHAMBERS, OWENS, FAIRHURST, and STEPHENS, JJ., concur.

---

[12] *See supra* note 7 (remarking that the grounds for reversal must not affect the validity of the verdict on the lesser offense).