**UNITED STATES of America, Plaintiff,**

v.

**John Wilhelm CAROTHERS, Defendant.**

**Case No. CR 08–01299–CJC.**

United States District Court, C.D. California, Southern Division.

March 22, 2010.

Hemant Hari Kewalramani, Ann Luotto Wolf, Assistant U.S. Attorneys, Santa Ana, CA, for Plaintiff.

Leon L. Peterson and Kelley Lane Munoz, Federal Public Defenders Office, Santa Ana, CA, for Defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE

CORMAC J. CARNEY, District Judge.

The government charged Defendant John Wilhelm Carothers with possession of methamphetamine with the intent to distribute. At trial, the jury was unable to agree on Mr. Carothers' guilt for that offense, but did agree on his guilt for the lesser-included offense of simple possession of methamphetamine. Mr. Carothers now claims that the government is precluded by Ninth Circuit law and the Double Jeopardy Clause of the United States Constitution from retrying him on the greater offense. The Court believes that Mr. Carothers is right. His motion to dismiss the indictment with prejudice is GRANTED.

I.

On November 4, 2008, Mr. Carothers was charged in an indictment with a single count of possession of 32.8 grams of methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii). He pleaded not guilty, and jury trial began on January 19, 2010. During the trial, Mr. Carothers' theory of the case was that although he had been in possession of some methamphetamine, he did not have the intent to distribute it.

Prior to trial, Mr. Carothers had requested an instruction for the lesser-included offense of simple possession of methamphetamine[1] pursuant to Federal

---

1. There is no dispute that possession of methamphetamine is a lesser-included offense of possession of methamphetamine with the intent to distribute.

Rule of Criminal Procedure 31(c). The Court granted this request. On January 20, 2010, the parties agreed to jury instructions. Jury Instruction No. 19, which tracks the Ninth Circuit Model Criminal Jury Instruction 3.15, read as follows:

> The crime of possession of methamphetamine with intent to distribute includes the lesser crime of simple possession. If (1) any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession of methamphetamine with intent to distribute; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of simple possession, you may find the defendant guilty of simple possession.

(Jury Instruction No. 19, Clerk's Record ("CR") 86.)

The parties also agreed to a verdict on January 20, 2010. So far so good. Upon close inspection, however, the verdict was inconsistent with Jury Instruction No. 19. Paragraph 1 of the verdict asked the jury to find Mr. Carothers guilty or not guilty of the greater offense. If the jurors found Mr. Carothers guilty of the greater offense, the verdict instructed them to move to paragraph 2, which dealt with the amount of methamphetamine Mr. Carothers had distributed. If the jurors found him not guilty of the greater offense, the verdict instructed them to skip paragraph 2 and move to paragraph 3, the instruction for the lesser-included offense. The verdict did not specifically instruct the jurors what to do should they disagree about the greater offense. Paragraph 3, however, read:

> We, the jury in the above-entitled action, *having found the defendant John Wilhelm Carothers not guilty of the offense—possession of methamphetamine with the intent to distribute—as charged in the indictment, unanimously find the defendant John Wilhelm Carothers*

*NOT GUILTY or GUILTY (circle one) of the crime of simple possession of methamphetamine.*

(Verdict, CR 88 (emphasis added).) Thus, paragraph 3 of the verdict implied that the jury could render a verdict on the lesser-included offense only after unanimously finding Mr. Carothers not guilty of the greater offense. This directly contradicted Jury Instruction No. 19, which instructed the jury that it could return a verdict on the lesser-included offense of simple possession if it could not agree on the greater offense of distribution.

The trial concluded the next day. Hours before the instructions were read to the jury, Mr. Carothers proposed a new verdict, claiming it was more consistent with Jury Instruction No. 19. This instruction contained the same three paragraphs as the original verdict, but had new instructions about the order of consideration of paragraphs 1, 2, and 3. It read:

> If each of you find the defendant John Wilhelm Carothers guilty of possession with intent to distribute methamphetamine as charged, proceed to paragraphs 1 and 2 below and do not consider paragraph 3 below. If any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession of methamphetamine with the intent to distribute as charged, do not consider paragraphs 1 and 2 below and proceed directly to paragraph 3 below.

(Proposed Verdict, CR 90.) Despite this new introductory language, paragraph 3 remained the same, permitting the jury to find Mr. Carothers guilty of the lesser—included offense only after "having found the defendant John Wilhelm Carothers not guilty of the offense—possession of methamphetamine with the intent to distribute—as charged in the indictment." (Proposed Verdict, CR 90.) Because the

language of paragraph 3 was identical to what had already been agreed upon, the Court gave the original verdict to the jury.

The jury deliberated for three days. During deliberation, the jury returned six notes. The fifth note indicated that the jurors were unanimous on the possession offense but deadlocked on the distribution offense. (CR 106.) The Court instructed them to continue deliberating as long as they thought would be productive. A few days later, the jury returned a sixth note, which read, "The jury has reached a unanimous verdict, on possession, but are hung on the intent to distribute." (CR 108.)

The Court requested that the jury return to the courtroom. After confirming that no additional deliberations would be helpful in resolving the deadlock, the Court expressed its intent to declare a mistrial due to jury deadlock. Mr. Carothers objected to the declaration of a mistrial without first receiving a verdict on the lesser-included offense. The government argued against the Court receiving a verdict on the lesser-included offense before declaring the mistrial, pointing to the language in the verdict that required the jury to first unanimously find Mr. Carothers not guilty of the greater offense before considering the lesser-included offense. The Court agreed and declared a mistrial without first receiving a verdict on the lesser-included offense.

## II.

"The doctrine of lesser-included offenses is not without difficulty in any area of the criminal law." *Fuller v. United States,* 407 F.2d 1199, 1228 (D.C.Cir.1968). The Federal Rules of Criminal Procedure allow a defendant to request a lesser-included offense instruction when appropriate. *See* FED.R.CRIM.P. 31(c). The Supreme Court has further concluded that a defendant has a constitutional right to a lesser-included offense instruction if the evidence would permit a jury to rationally find him guilty of the lesser-included offense and acquit him of the greater offense. *Beck v. Alabama,* 447 U.S. 625, 634, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *see also Keeble v. United States,* 412 U.S. 205, 212–13, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973).

In *Jackson,* the Ninth Circuit considered the order in which juries should address greater and lesser-included offenses. *United States v. Jackson,* 726 F.2d 1466, 1469 (9th Cir.1984). The government had charged the defendant with an offense that included a lesser offense. *Id.* Before trial, the defendant requested an instruction allowing the jury to render a verdict on the lesser-included offense if the jurors were unable to agree on the greater offense (the "unable to agree" instruction). *Id.* The district court rejected the request and instead instructed the jurors that they could not render a verdict on the lesser-included offense unless they first unanimously acquitted the defendant of the greater offense (the "acquit first" instruction). *Id.* The Ninth Circuit held that the district court should have given the "unable to agree" instruction because the defendant timely requested it. *Id.*

In considering whether the defendant had a right to the "unable to agree" instruction, the Ninth Circuit weighed the advantages and disadvantages for the defendant and the government of each instruction. *Id.* The disadvantage to the defendant and the advantage to the government of the "acquit first" instruction is clear: "If the jury is heavily for conviction on the greater offense, dissenters favoring the lesser may throw in the sponge rather than cause a mistrial that would leave the defendant with no conviction at all, although the jury might have reached sincere and unanimous agreement with respect to the lesser charge." *Id.* (quoting *United States v. Tsanas,* 572 F.2d 340, 346 (2nd Cir.1978)). Thus, in some cases, the

"acquit first" instruction could harm the defendant by leading to a conviction on the greater, whereas under the "unable to agree" instruction, the defendant would have been convicted only of the lesser-included offense. *Id.* In weighing these tradeoffs, the Ninth Circuit decided that the benefit to the defendant of the "unable to agree" instruction far outweighed the disadvantage to the government: "It is [the defendant's] liberty that is at stake, and the worst that can happen to the Government under the less rigorous instruction is his readier conviction for a lesser rather than a greater crime." *Id.* The Ninth Circuit reasoned that these concerns were exactly the same as those the Supreme Court discussed in *Beck* and *Keeble,* when it held that defendants have the right to a lesser-included offense instruction even when charged only with the greater offense. *Id.* at 1470. An "unable to agree" instruction, the Ninth Circuit concluded, "ensures that the jury will accord the defendant the full benefit of the reasonable-doubt standard." *Id.* (quoting *Beck v. Alabama,* 447 U.S. 625, 634, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980)); *see also United States v. Warren,* 984 F.2d 325 (9th Cir.1993).

The government argues that the *Jackson* court did not explicitly bar the government from retrying a defendant on a greater offense when the jury deadlocks on that offense and agrees to guilt on the lesser-included offense. The government's argument is nonsensical and calls into question the intellectual honesty of the *Jackson* court. The *Jackson* court clearly laid out the disadvantage to the government and the advantage to the defendant of the "unable to agree" instruction—the defendant's "readier conviction for a lesser rather than a greater crime." *Jackson,* 726 F.2d at 1469; *see also Tsanas,* 572 F.2d at 346 (stating that the "unable to agree" instruction "facilitates the Government's chances of getting a conviction for

something, although at the risk of not getting the one that it prefers."). Reading *Jackson* as the government does renders the decision completely pointless. If the government can retry a defendant on the greater offense after he is convicted of the lesser-included offense, there would be no advantage to the defendant or disadvantage to the government from the "unable to agree" instruction.

The government's argument also creates a serious problem under the Double Jeopardy Clause of the United States Constitution. The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In *Brown v. Ohio,* the Supreme Court clarified how double jeopardy applies to greater and lesser-included offenses. The defendant had been convicted of joyriding, a lesser-included offense of auto theft in the State of Ohio. *Id.* at 167–68, 97 S.Ct. 2221. The government then sought to try the defendant for auto theft. *Id.* at 163, 97 S.Ct. 2221. The Supreme Court held that the second trial would violate the Double Jeopardy Clause, reasoning that the two offenses were the same for double jeopardy purposes. *Id.* at 168, 97 S.Ct. 2221. The Court noted: "As is invariably true of a greater and lesser included offense, the lesser offense joyriding requires no proof beyond that which is required for conviction of the greater auto theft." *Id.* at 167, 97 S.Ct. 2221.

Similarly, the California Supreme Court has decided that retrial of a greater offense after conviction of a lesser-included

offense is barred by double jeopardy. *People v. Fields,* 13 Cal.4th 289, 312, 52 Cal.Rptr.2d 282, 914 P.2d 832 (Cal.1996). In *Fields,* the defendant was tried for the greater and lesser-included offenses of gross vehicular manslaughter while intoxicated and vehicular manslaughter while intoxicated, respectively. *Id.* at 301 n. 2, 52 Cal.Rptr.2d 282, 914 P.2d 832. The jury convicted the defendant on the lesser-included offense but hung on the greater offense. *Id.* at 296–97, 52 Cal.Rptr.2d 282, 914 P.2d 832. The California Supreme Court held that jeopardy barred the state from retrying the defendant on the greater offense.[2] *Id.* at 305, 52 Cal.Rptr.2d 282, 914 P.2d 832. The California Supreme Court reasoned:

> Underlying this principle—that a conviction of a lesser included offense is a bar to a subsequent prosecution for the greater offense—is the notion that, once a conviction on the lesser offense has been obtained, to [later] convict of the greater would be to convict twice of the lesser.

*Id.* at 306, 52 Cal.Rptr.2d 282, 914 P.2d 832 (internal quotations omitted). Although not controlling in this case, the Court finds the California Supreme Court's decision well-reasoned and persuasive.

There are also significant practical problems with the government's argument. First, how should a district court treat the conviction of the lesser-included offense during the retrial of the greater offense? Saying nothing to the jury about the conviction on the lesser-included offense conceals material information from the jury. On the other hand, instructing the jury about the prior conviction would seem to violate the defendant's presumption of innocence. *See United States v. Williams,* 568 F.2d 464, 470–71 (5th Cir.1978) (finding prejudice to the defendant when the jury learned that he had been convicted of the same offense by a prior jury, but the conviction had been overturned on appeal).

Second, under *Beck* and *Jackson,* a defendant has a right to the lesser-included offense instruction and an "unable to agree" instruction. If jeopardy bars retrial of the lesser-included offense after the defendant's conviction on that offense, as the government concedes it does, how can a defendant exercise both his right to the lesser-included offense instruction and his right not to be placed in double jeopardy? The government argues that if a defendant chooses to exercise his right to have the lesser-included offense instruction on retrial of the greater offense, he waives double jeopardy as to the lesser-included offense. The Court disagrees. Although a defendant can waive fundamental constitutional rights, including double jeopardy protections, a waiver must be made knowingly and voluntarily. *United States v. Mezzanatto,* 513 U.S. 196, 200, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995). A defendant does not knowingly and voluntarily waive the constitutional right against being placed twice in jeopardy merely by asserting another

---

**2.** Although the California Supreme Court relied on jeopardy provisions in section 1023 of the California Penal Code, its reasoning applies equally to the Double Jeopardy Clause of the federal Constitution. Section 1023 reads: When the defendant is convicted or acquitted or has been once placed in jeopardy upon an accusatory pleading, the conviction, acquittal, or jeopardy is a bar to another prosecution for the offense charged in such accusatory pleading, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that accusatory pleading.

Cᴀʟ. Pᴇɴ.Cᴏᴅᴇ § 1023. In his concurrence, Justice Mosk also noted that the Double Jeopardy Clause of the federal Constitution barred the defendant's retrial on the greater offense. *Fields,* 13 Cal.4th at 312, 52 Cal.Rptr.2d 282, 914 P.2d 832 (J. Mosk, concurring).

constitutional right to have a lesser-included offense instruction.

Third, even putting aside double jeopardy concerns, giving the jury the lesser-included offense instruction could lead to inconsistent verdicts if the jury acquits the defendant of the lesser-included offense at the second trial. As the California Supreme Court noted in *Fields*, a defendant "would appear to have a good argument that he is entitled to the double jeopardy effect of this acquittal, notwithstanding the previous, now inconsistent, conviction of the lesser offense." *Fields*, 52 Cal.Rptr.2d 282, 914 P.2d at 842 n. 5. Even if the practical effects of contradictory verdicts could be remedied by vacating the conviction from the first trial, the integrity of the justice system would be compromised by the inconsistency. On the other hand, if the second jury re-convicts the defendant of the lesser included-offense, the defendant would then stand twice convicted of the same offense in violation of the Double Jeopardy Clause. *Rutledge v. United States*, 517 U.S. 292, 306, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). The district court could vacate one of the convictions, but which conviction should remain for appellate review and for the collateral consequences that may flow from the date of the conviction? In short, the government's interpretation of *Jackson*, if adopted, would create a whole host of legal and practical problems on retrial of the greater offense. The Ninth Circuit did not, and would not, cause such a fiasco.

The government also argues that two Ninth Circuit cases hold that the Double Jeopardy Clause does not bar retrial of a greater offense after a defendant is convicted of a lesser-included offense. In *Jefferson*, the Ninth Circuit permitted retrial of a greater offense after the jury had hung on that offense and convicted the defendant of the lesser-included offense. *United States v. Jefferson*, 566 F.3d 928, 935–36 (9th Cir.2009). Although factually analogous, the defendant argued only that the first jury had impliedly acquitted him of the greater offense when it returned the verdict on the lesser-included offense. *Id.* at 935. The Ninth Circuit held that there had been no implied acquittal of the greater offense when the jury had expressly indicated that it was deadlocked on that charge. *Id.* The panel did not consider or decide the issue raised in this case—whether *Jackson* and *Brown* bar retrial of the greater offense after the jury deadlocks on the greater offense and convicts on the lesser-included offense.

■■■ The government, citing *United States v. Jose*, 425 F.3d 1237 (9th Cir. 2005), also argues that *Brown* is inapplicable because jeopardy "continues" on the greater offense when a mistrial is declared after a hung jury.[3] There is no quarrel with the well-established rule that double jeopardy does not bar retrial of an offense after a court declares a mistrial due to juror deadlock on that offense. *United States v. Perez*, 22 U.S. (Wheat. 9) 579, 580, 6 L.Ed. 165 (1824). Jeopardy does terminate, however, on a lesser-included offense when there is a final conviction on that offense. *See Smith v. Massachusetts*, 543 U.S. 462, 469 n. 3, 125 S.Ct. 1129, 160 L.Ed.2d 914 (2005) ("Double-jeopardy analysis focuses on the individual 'offence' charged, U.S. Const., Amdt. 5, and our cases establish that jeopardy may terminate on some counts even as it continues on others."). Thus, double jeopardy bars retrial of the greater offense not because jeopardy has terminated as to that offense,

---

**3.** *Jose* is distinguishable from this case because it involved a retrial after reversal upon appeal. To the extent that *Jose* can be read to apply to juror deadlock cases, however, it is in conflict with *Jackson*. For the reasons stated in this Order, the Court chooses to follow *Jackson* and *Brown*.

but because retrial of the greater offense can only be had by retrial of the lesser-included offense. *Brown,* 432 U.S. at 167, 97 S.Ct. 2221.

Similar to its "continuing jeopardy" argument, the government argues that the Double Jeopardy Clause permits retrial of the greater offense after conviction on the lesser-included offense when the government tries both offenses at the same trial. To be sure, it does matter in some cases whether greater and lesser-included offenses are tried at the same time. For instance, in *Forsberg,* the jury acquitted the defendant of the greater offense but hung on the lesser-included offense. *Forsberg v. United States,* 351 F.2d 242, 246 (9th Cir.1965). When the government sought to retry the defendant on the lesser-included offense, he argued that double jeopardy barred his retrial. *Id.* at 245. The Ninth Circuit disagreed, noting that because the offenses had been tried at the same time, it was clear that the jury had acquitted the defendant on the element unique to the greater offense and hung on the elements that made up the lesser-included offense. *Id.* at 248. There was no acquittal to terminate jeopardy on the elements of the lesser-included offense, so the Double Jeopardy Clause did not bar re-trial of that offense. *See id.* Conversely, when there is a conviction on the lesser-included offense, a single trial provides no additional information about the jury's decision. Whether the greater and lesser-included offenses are tried separately or together, the defendant has been convicted of the lesser-included offense. Double jeopardy then bars a successive trial on the greater offense, which necessarily involves retrial of the lesser-included offense.[4] *Brown,* 432 U.S. at 165, 97 S.Ct. 2221.

Finally, the government argues that prohibiting retrial of the greater offense after a defendant has been convicted of a lesser-included offense violates our system of separation of powers because it infringes on the executive branch's prosecutorial function. The Court recognizes the significant impact *Jackson* has on the prosecutor's function. If there is a violation of the separation of powers, however, that violation comes from the "unable to agree" instruction, not from the double jeopardy consequences of that instruction. It is precisely those consequences that a number of courts have considered in deciding not to use the "unable to agree" instruction. *See* Third Circuit Model Jury Instruction No. 3.11 (directing district courts not to use the "unable to agree" instruction because "it is not clear whether a conviction on a lesser included offense might preclude retrial on the charged offense on which the jury could not agree."). Regardless of the wisdom of the "unable to agree" instruction and its impact on the separation of powers, the Ninth Circuit has already decided the issue in *Jackson.* This Court is bound by that precedent.

### III.

█ In this case, the government charged Mr. Carothers only with the

---

4. To support its "same trial" theory, the government also cites *Ohio v. Johnson,* which held that a defendant can be tried on a greater offense after pleading guilty before trial to a lesser-included offense charged in the same indictment. *Ohio v. Johnson,* 467 U.S. 493, 502, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). A guilty plea before trial does not implicate the Double Jeopardy Clause's prohibition against "a second prosecution for the same offense after conviction" because there is no second trial. As the Court noted in *Ohio,* the defendant "has not been exposed to conviction on the charges to which he pleaded not guilty, nor has the State had the opportunity to marshal its evidence and resources more than once or to hone its presentation of its case through a trial." *Id.* at 501, 104 S.Ct. 2536.

greater offense, possession of methamphetamine with the intent to distribute. Mr. Carothers timely elected an "unable to agree" lesser-included offense instruction as allowed by *Jackson.* The jury deadlocked on the greater distribution offense, but agreed on Mr. Carothers' guilt on the lesser possession offense. The government objected to the Court receiving a verdict on the lesser-included offense, so the Court did not receive or enter a verdict on it. Under *Jackson,* the government is now barred from retrying Carothers on the greater offense.[5] Accordingly, Mr. Carothers' motion to dismiss the indictment with prejudice is GRANTED.

---

**5.** Of course, the Double Jeopardy Clause does not necessarily bar the State of California, as a separate sovereign, from charging and trying Mr. Carothers for the greater distribution offense should it choose to do so. *Abbate v. United States,* 359 U.S. 187, 194–95, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).