**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellant,*

        v.

JOHN WILHELM CAROTHERS,
          *Defendant-Appellee.*

No. 10-50191

D.C. No.
2:08-cr-01299-
CJC-1

OPINION

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted
October 5, 2010—Pasadena, California

Filed January 24, 2011

Before: Raymond C. Fisher and Jay S. Bybee,
Circuit Judges, and Lyle E. Strom, District Judge.*

Opinion by Judge Fisher

---

*The Honorable Lyle E. Strom, Senior United States District Judge for
the District of Nebraska, sitting by designation.

---

**COUNSEL**

André Birotte Jr., United States Attorney, Christine C. Ewell, Assistant United States Attorney, and Daniel B. Levin (argued), Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellant.

Sean K. Kennedy, Federal Public Defender, and James H. Locklin (argued), Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellee.

---

**OPINION**

FISHER, Circuit Judge:

John Wilhelm Carothers was charged with possession of methamphetamine with intent to distribute. Although Carothers essentially conceded at trial that he possessed methamphetamine at the time he was arrested, he insisted that he had no intent to distribute it. Perhaps because of Carothers' con-

cession, his trial centered on the contested element of the charged offense — the intent to distribute.

At Carothers' request, the district court instructed the jury on the lesser included offense of simple possession as well as on possession with intent to distribute. The court also granted Carothers' request that the jury be instructed it could convict him of the lesser included offense if it hung on the greater offense. As it turned out, the jury did deadlock on possession with intent to distribute, although it simultaneously announced it had reached a unanimous decision on simple possession. But because of a problem with the verdict form — a problem neither the parties nor the district court fully identified until it was too late — the jury was unable to report its verdict on the lesser included offense. In light of the jury's deadlock on the greater offense, and in spite of its unanimous decision on the lesser included, the district court declared a mistrial not only on the greater offense but also on the lesser included, a decision both the court and the government later recognized as erroneous. Realizing its error, the district court dismissed the indictment. It concluded that in light of the improperly declared mistrial on simple possession, Carothers' retrial on possession with intent to distribute was foreclosed by (1) the Double Jeopardy Clause, (2) *United States v. Jackson*, 726 F.2d 1466 (9th Cir. 1984) (per curiam), and (3) practical problems that might arise on retrial. The government appeals from the order dismissing the indictment. We reverse and remand.

## BACKGROUND

Carothers was indicted in October 2008 for possession of methamphetamine with intent to distribute. The government argued at trial that "pay-owe sheets" — transaction records commonly kept by drug dealers — that were found in Carothers' possession along with about 70 grams of methamphetamine demonstrated his intent to distribute the drugs. The government also presented evidence that Carothers had previ-

ously been arrested for drug-related activities in 2003 and 2004. Carothers essentially conceded possession of methamphetamine, admitting that the officers who searched him "found some methamphetamine in his pocket," but contended he had no intent to distribute it. He maintained instead that he was a longtime drug addict who decided to "stock up" on methamphetamine.

Before trial, the court agreed to give Carothers a jury instruction on the lesser included offense of simple possession in addition to the charged offense of possession with intent to distribute. The parties agreed to the following instruction, the relevant portion of which is italicized below:

> The crime of possession of methamphetamine with intent to distribute includes the lesser crime of simple possession. If (1) *any of you are not convinced beyond a reasonable doubt that the defendant is guilty of possession of methamphetamine with intent to distribute*; and (2) all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of simple possession, you may find the defendant guilty of simple possession.

This instruction allowed the jury to convict Carothers of simple possession if *any* of the jurors did not believe the government had carried its burden on possession with intent to distribute. Thus if the jury deadlocked on the greater offense, the instruction permitted the jury to turn to the lesser included. As was his right under *Jackson*, Carothers elected this form of instruction over one that would have required the jurors to acquit him of the greater offense before moving to the lesser included.

Unfortunately, the verdict form was inconsistent with the jury instruction. The verdict form, the relevant portions of which are italicized below, directed the jury as follows:

> 1. . . . If you find defendant John Wilhelm Carothers *not guilty as charged* [in the indictment] . . . proceed directly to paragraph 3 below.
>
> . . . .
>
> 3. We, the jury in the above-entitled action, *having found the defendant John Wilhelm Carothers not guilty of the offense — possession of methamphetamine with the intent to distribute — as charged in the indictment*, unanimously find the defendant John Wilhelm Carothers NOT GUILTY or GUILTY (circle one) of the crime of simple possession of methamphetamine.

Thus the verdict form, unlike the instructions, permitted the jury to turn to the lesser included offense only after acquitting Carothers of the greater offense. Carothers' counsel recognized the drafting problem in paragraph 1 and asked the court to modify that paragraph to conform to the jury instructions, but the court refused to change the verdict form. Even if the court had agreed to amend the form as Carothers proposed, however, the inconsistency in paragraph 3 of the form would have remained.

At the end of the three-day trial, the jury reported that it was "unanimous on the charge of possession" but "not unanimous on the possession with the intent to distribute." The court instructed the jury to continue deliberating "as long as one or more of you believe it would be beneficial in reaching a verdict." After further deliberation, however, the jury confirmed that it had "reached a unanimous verdict, on possession, but are hung on the intent to distribute."

The court recalled the jury and declared a mistrial on both charges, with the government's support but over Carothers' objection. Nonetheless, when Carothers then moved to dismiss the indictment as barred by double jeopardy, the court

granted Carothers' motion. The court by then realized it had improperly declared a mistrial on simple possession, but having done so concluded that the Double Jeopardy Clause barred retrial on the greater offense as well as the lesser included. *See United States v. Carothers*, 697 F. Supp. 2d 1160, 1161 (C.D. Cal. 2010). The government appeals. We reverse and remand.

### STANDARD OF REVIEW

We review de novo the district court's dismissal of the indictment on the basis of double jeopardy. *See United States v. Bernhardt*, 831 F.2d 181, 182 (9th Cir. 1987) ("The dismissal of an indictment on double jeopardy grounds is a question of law that we review de novo.").

### JURISDICTION

We have jurisdiction under 18 U.S.C. § 3731, which provides that "[i]n a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court dismissing an indictment . . . except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution."[1]

### DISCUSSION

**[1]** We begin by summarizing what is not in dispute. First,

---

[1]Whereas the government asserts that § 3731 confers jurisdiction to consider this appeal, Carothers contends that § 3731 requires us to reach the merits of his double jeopardy claim before taking jurisdiction. Under Carothers' reading of the statute, the appeal should be dismissed, rather than the judgment affirmed, if the district court's decision to dismiss the indictment on the basis of double jeopardy was proper. Because we conclude that the Double Jeopardy Clause does not preclude Carothers' retrial, we need not decide which reading of § 3731 is correct. Either way, § 3731 provides jurisdiction to consider the merits of the double jeopardy issue.

the district court properly declared a mistrial on possession with intent to distribute after the jury deadlocked on that charge. *See Richardson v. United States*, 468 U.S. 317, 323-24 (1984) (explaining that the Double Jeopardy Clause allows retrial following a jury's genuine deadlock). Thus, unless an exception applies, the Double Jeopardy Clause permits retrial on the greater offense.[2] Second, the mistrial on simple possession was improper. When the jury announced it had reached a unanimous decision on simple possession, the district court could have allowed the jury to enter a verdict on that charge by, for example, providing the jury with a corrected verdict form or allowing the jury to report its findings on an interlineated form. *See United States v. Jefferson*, 566 F.3d 928, 936 (9th Cir. 2009) (describing how a jury that found the defendant guilty of the lesser included offense after deadlocking on the greater rendered its verdict by crossing out a section of the verdict form that was inconsistent with the jury instructions). Third, because the district court declared a mistrial on simple possession when there was no manifest necessity to do so, the Double Jeopardy Clause bars retrial on that charge. *See Arizona v. Washington*, 434 U.S. 497, 505 (1978) (stating that "manifest necessity" for a mistrial is required if the prosecution "is to avoid the double jeopardy bar"); *United States v. Bonas*, 344 F.3d 945, 951 (9th Cir. 2003) (holding that the government is "precluded from retrying the defendant after an improper mistrial").

The parties dispute only whether the improperly declared mistrial on simple possession creates an exception to the general rule permitting retrial on possession with intent to distrib-

---

[2]This conclusion is not affected by the jury's having reached a unanimous decision on the lesser included offense. *See United States v. Jefferson*, 566 F.3d 928, 935-36 (9th Cir. 2009) (allowing retrial on the greater offense after the jury deadlocked on that charge but convicted the defendant of a lesser included offense); *United States v. Jose*, 425 F.3d 1237, 1242-43 (9th Cir. 2005) (holding that final convictions on lesser included offenses, left undisturbed on appeal, did not preclude retrial on the greater offense).

ute. We conclude that it does not. Neither the Double Jeopardy Clause nor our decision in *Jackson* bars retrial in this case.

## I.   Double Jeopardy

The government contends the Double Jeopardy Clause permits retrial on possession with intent to distribute notwithstanding the improper mistrial on simple possession. Carothers counters that the improper mistrial is "the equivalent of an acquittal" on simple possession, and that it therefore precludes retrial on possession with intent to distribute just as an actual acquittal would. We hold, however, that the improper mistrial on simple possession does not have the legal effect of an acquittal on that charge.

**[2]** We agree with Carothers that an actual acquittal on simple possession would preclude retrial on possession with intent to distribute, because an acquittal on the lesser charge negates an element of the greater. *See Yeager v. United States*, 129 S. Ct. 2360, 2367-68 (2009) (holding that acquittals on fraud charges barred retrial on insider trading charges under the issue preclusion aspect of the Double Jeopardy Clause, because the acquittals established that the jury found against the prosecution on predicate facts relevant to both offenses). We do not agree, however, that the erroneous mistrial on simple possession has the issue-preclusive effect of an acquittal. "[T]he Double Jeopardy Clause precludes the Government from relitigating any issue that was *necessarily decided* by a jury's acquittal in a prior trial," given " 'all the circumstances of the proceedings.' " *Id.* at 2366-67 (quoting *Ashe v. Swenson*, 397 U.S. 436, 444 (1970)) (emphasis added). Here, the jury was not permitted to report *any* of its findings, so there is no way to know what it "necessarily decided." The mistrial on simple possession therefore has no issue-preclusive effect and does not bar retrial on possession with intent to distribute.

We are not persuaded otherwise by Carothers' citation of the Supreme Court's observation, in *Selvester v. United*

*States*, 170 U.S. 262, 270 (1898), that "[improper] discharge [of a jury] would be equivalent to an acquittal of the particular charge for which the accused was tried, since it would bar a subsequent prosecution." An improperly declared mistrial is like an acquittal only in that both bar retrial on the offense at issue. *Selvester* — decided long before the Supreme Court explained the relationship between issue preclusion and double jeopardy in *Ashe* — does not hold that an improperly declared mistrial has the issue-preclusive effect of an acquittal. Thus, in this case, the improper mistrial does not represent a preclusive finding against the prosecution on simple possession. *Cf. Ashe*, 397 U.S. at 446 (holding that when the only issue at the first robbery trial was whether the defendant was one of the robbers, the jury's acquittal of the defendant of robbing one victim meant it necessarily decided that the defendant did not participate in the robbery, so double jeopardy barred prosecution of the defendant for robbing a different victim on the same occasion).

**[3]** Carothers also argues that even if the improper mistrial is not accorded the issue-preclusive effect of an acquittal, retrial should nonetheless be barred to penalize the government for having supported the mistrial. As Carothers correctly points out, the government bore the burden of justifying the mistrial by meeting the manifest necessity standard. *See Washington*, 434 U.S. at 505. The government concedes it did not satisfy that burden and is therefore precluded from retrying Carothers on simple possession. But even Carothers does not argue that the government's support for the improper mistrial stemmed from anything more than a simple mistake of law. Absent signs of more serious prosecutorial error, we decline to penalize the government by barring retrial on the greater offense when the Double Jeopardy Clause would otherwise permit it. *Cf. Oregon v. Kennedy*, 456 U.S. 667, 675-76 (1982) ("Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections

afforded by the Double Jeopardy Clause."). We therefore hold that the Double Jeopardy Clause does not prohibit the government from retrying Carothers for possession of methamphetamine with intent to distribute.

## II.　Effect of *United States v. Jackson*

**[4]** The district court's decision to dismiss the indictment was also based on its concern for the integrity of Carothers' right, under *United States v. Jackson*, 726 F.2d 1466, 1469-70 (9th Cir. 1984) (per curiam), to have the jury instructed to consider the lesser included offense if unable to reach a verdict on the greater offense. The court concluded that when the defendant has requested such an instruction, allowing retrial on the greater offense after the jury comes to a unanimous decision on the lesser included would render *Jackson* "completely pointless." *Carothers*, 697 F. Supp. 2d at 1164. We do not agree.

The defendant in *Jackson* requested that the district court instruct the jury "to consider the lesser-included offense if unable after reasonable effort to reach a verdict on the greater offense" rather than instructing it to consider the lesser included only after first acquitting the defendant of the greater offense. *Jackson*, 726 F.2d at 1469. We held that "although either formulation may be employed if the defendant expresses no choice, it is error to reject the form timely requested by defendant." *Id.* Our conclusion was prompted by a concern that an "acquit first" instruction might deprive the defendant of " 'the full benefit of the reasonable-doubt standard' " by causing "jurors harboring a doubt as to defendant's guilt of the greater offense but at the same time convinced that defendant had committed some offense . . .wrongly [to] yield to the majority and vote to convict of the greater offense." *Id.* at 1470 (quoting *Beck v. Alabama*, 447 U.S. 625, 634 (1980)).

**[5]** In this case, the district court concluded that a defendant who has exercised his *Jackson* right cannot be retried

after the jury signals it has reached a unanimous decision on the lesser included, as it did here. The court reasoned that such a retrial would strip all advantage from the "unable to agree" instruction. *See Carothers*, 697 F. Supp. 2d at 1164. But *Jackson* does not entitle the defendant to avoid the ordinary double jeopardy consequences of deadlock on the greater offense. Regardless of whether he is later retried, a defendant who has requested a *Jackson* instruction will still have been able to escape an unfair conviction on the greater offense in the first proceeding by having provided doubtful jurors with a lesser included alternative. Thus the rule in *Jackson* does not alter our conclusion that Carothers may be retried on possession with intent to distribute.

## III.   Practical Concerns

[6] The district court also expressed concern that a retrial on possession with intent to distribute would present intractable practical problems, including the potential tradeoff Carothers might face on retrial between "his right to the lesser-included offense instruction and his right not to be placed in double jeopardy."[3] *Carothers*, 697 F. Supp. 2d at 1165. In the

---

[3]The other practical concerns raised by the district court stem from its erroneous assumption that the jury convicted Carothers of simple possession. The court wondered, for example, how a district court should "treat the conviction of the lesser-included offense during the retrial of the greater offense." *Carothers*, 697 F. Supp. 2d at 1165. There was no conviction on the lesser included offense here, however, because the district court declared a mistrial on that count. We therefore need not decide how a final conviction on a lesser included offense would be treated for evidentiary purposes during retrial on the greater offense. *Cf. United States v. Jose*, 425 F.3d 1237, 1247-48 (9th Cir. 2005) (discussing the practical implications of retrial on greater offenses when the defendants were previously convicted of lesser included offenses).

The district court also worried that "the integrity of the justice system" might be undermined if the jury finds Carothers not guilty of simple possession at the second trial after apparently reaching the opposite conclusion in the first proceeding. *Carothers*, 697 F. Supp. 2d at 1166. But this concern, like the first, flows from the court's assumption that Carothers was convicted of simple possession at the first trial. He was not.

district court, Carothers maintained that if he is retried he will request that the jury again be instructed on simple possession. He argues that retrial under these circumstances would violate his double jeopardy right to avoid a second trial on simple possession, however, and urges that we "avoid[ ] this dilemma" by barring retrial altogether. The government acknowledges this potential tension and suggests that on retrial Carothers be allowed to request and receive the lesser included offense instruction, but that "any guilty verdict that might occur on the lesser offense . . . not result in a judgment of conviction." Under the government's proposal, Carothers' second jury would be instructed on simple possession without being told that a guilty verdict on that charge would have no legal effect.

**[7]** In *Spaziano v. Florida*, 468 U.S. 447 (1984), however, the Supreme Court rejected a similar proposal. There, the defendant was tried for first degree murder, a capital offense. He wanted the trial court to instruct the jury on several lesser included noncapital homicide offenses, but the statute of limitations for the noncapital offenses had already expired. The Court held that the trial court did not err in requiring Spaziano to waive his statute of limitations defense if he was to receive the lesser included offense instruction. *See id.* at 456-57. Recognizing that a lesser included instruction may reduce the risk of irrational or erroneous convictions, the Court nevertheless reasoned that "[r]equiring that the jury be instructed on lesser included offenses for which the defendant may not be convicted . . . would simply introduce another type of distortion into the factfinding process." *Id.* at 455-56. Under *Spaziano*, there is no requirement "that the jury be tricked into believing that it has a choice of crimes for which to find the defendant guilty, if in reality there is no choice." *Id.* at 456. Thus, on retrial, the district court may require that Carothers waive his right not to be retried on simple possession if he is to receive a jury instruction on that offense.[4]

---

[4]We express no opinion as to whether the district court may, on retrial, follow the course the government suggests by instructing the jury on the

This approach, which would allow Carothers to take advantage of his right to a lesser included offense instruction under Federal Rule of Criminal Procedure 31(c), would not force an unacceptable choice between constitutional rights, as Carothers contends. As a threshold matter, is it not clear that Carothers is constitutionally entitled to a lesser included instruction in this noncapital case. *See Howell v. Mississippi*, 543 U.S. 440, 445 (2005) (per curiam) (asserting that a state rule on lesser included offense instructions "unlike [the constitutional right to a lesser included offense instruction articulated in] *Beck* . . . applies in *noncapital* cases"); *United States v. Rivera-Alonzo*, 584 F.3d 829, 834 n.3 (9th Cir. 2009) ("[W]e have not resolved whether there is a Constitutional right to a lesser-included instruction in noncapital cases."). *Spaziano* illustrates that a defendant may be asked to choose between a constitutional entitlement and another legal right not of constitutional dimension.

**[8]** Moreover, it is well established that a defendant may knowingly and voluntarily relinquish a double jeopardy defense, as Carothers may be asked to do on retrial. *See Ricketts v. Adamson*, 483 U.S. 1, 9-10 (1987); *United States v. Hernandez-Guardado*, 228 F.3d 1017, 1028 (9th Cir. 2000) ("The right against double jeopardy is undoubtedly subject to waiver by a defendant."); *United States v. Zavala*, 839 F.2d 523, 528 (9th Cir. 1988) (per curiam) (holding that a defendant who pled guilty to conspiracy to import and distribute cocaine and simultaneously explicitly agreed to a bench trial on continuing criminal enterprise was not entitled to raise a double jeopardy defense); *cf. Menna v. New York*, 423 U.S.

---

lesser included offense without any waiver and without informing the jury that any conviction on that offense would be invalid. Although *Spaziano* suggests that inviting a verdict on a charge on which there can be no conviction is disfavored, *Spaziano* holds only that it is not error to condition the lesser included offense instruction on the defendant's waiving his affirmative defense on the lesser included. *Spaziano*, 468 U.S. at 456-57.

61, 62 n.2 (1975) (per curiam) ("We do not hold that a double jeopardy claim may never be waived.").

**[9]** We therefore conclude that, under *Spaziano*, the district court may require Carothers to forgo the double jeopardy bar against retrial on simple possession if he requests a jury instruction on that offense. Accordingly, potential practical difficulties do not justify barring Carothers' retrial.

## IV.  Conclusion

We hold that neither the Double Jeopardy Clause nor Carothers' decision to elect a *Jackson* instruction poses a barrier to Carothers' retrial for possession with intent to distribute. Carothers may therefore be retried on that charge. Accordingly, we reverse the order of the district court and remand for retrial.

**REVERSED and REMANDED.**