**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS NOGUERA,

        Petitioner-Appellant,

v.

GREG SMITH and NEVADA
ATTORNEY GENERAL, et al.,

        Respondents-Appellees.

No. 17-16185

D.C. No. 3:11-cv-00428-LRH-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and submitted November 16, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,[**] District Judge.

Petitioner Carlos Noguera engaged in sexual intercourse with S.G., who was

barely 11 years old. S.G. became pregnant and delivered a child, who later died.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

Noguera was convicted of sexual assault of a minor under 14 years of age. The Nevada Supreme Court ultimately affirmed. The district court denied his petition for a writ of habeas corpus. Noguera raises two issues on appeal that were certified by the district judge and one uncertified issue. None of the issues he raises have any merit.

**1.** Noguera was convicted of sexually assaulting a minor under 14 years of age, in violation of a Nevada Statute that criminalized both forcible and non-forcible sexual assault. The statute, which has since been amended, read as follows:

> A person who subjects another person to sexual penetration . . . against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.

Nev. Rev. Stat. Ann. § 200.366(1) (2007).[1] Because "everyone agreed the alleged victim ostensibly consented," *Noguera v. State*, No. 48609, at 2 (Nev. July 7, 2009) (unpublished order of affirmance). Noguera was not charged with sexual assault "against the will of the victim." Instead, the trial judge charged the jury in Instruction 5:

> The crucial question is . . . whether the act was committed without [S.G.'s] consent or under conditions in which the defendant knew or

---

[1] Nevada did not have a true statutory rape (or statutory sexual assault) law until 2015.

2

should have known, the person was incapable of giving her consent or understanding the nature of the act.

Noguera takes issue with the trial judge's refusal to also charge the jury that he could not be convicted if he had a "reasonable and good faith belief that the other person voluntarily consented to engage in sexual intercourse."

The Supreme Court of Nevada held that, while Noguera's proposed jury instruction "may have offered an appropriate defense in a *forcible* rape case, it raised an inapposite defense to a charge of *nonforcible* sexual assault where capacity to consent, as distinguished from actual consent, formed the contest." *Noguera*, No. 48609, at 2 (emphasis added). This holding presents a pure question of state law. And "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because Noguera's proposed instruction was not supported by law, Noguera had no constitutional right to have the jury instructed on that defense. *United States v. Johnson*, 459 F.3d 990, 992 (9th Cir. 2006).

**2.** The Nevada Supreme Court also rejected Noguera's claim that the evidence was insufficient. In reviewing a conviction for sufficiency, the question is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in

3

original). "What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam) (citation omitted). This is essentially a form of double deference – deference to the jury's verdict and deference to the state court's decision rejecting the challenge to the verdict. *See Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam).

Looking to state law for the substantive elements of the crime, *see Jackson,* 443 U.S. at 324 n. 16, the key element at issue in Noguera's sexual assault conviction was whether Noguera "knew or should have known that the alleged victim was either mentally or physically incapable of resisting or understanding the nature of his conduct, or of knowingly and intelligently consenting or understanding the nature of the act." We cannot conclude from the testimony of S.G. – who engaged in sexual intercourse with the defendant when she was barely 11 years old – that she had the maturity to understand the consequences of her conduct. Indeed, S.G. testified that she did not even consider the possibility of pregnancy when she agreed to intercourse. After she became pregnant, she did not seek any prenatal care either. She even acknowledged that her decision was "more like an 11-year old's decision"

4

than an adult's. Moreover, evidence that Noguera told S.G. "he didn't feel right" about their relationship because of her age; asked S.G. to tell the police that he thought she was 15 years old; and admitted to detectives that "he understood what he had done was wrong, sleeping with an 11-year-old girl," indicates that Noguera knew or should have known S.G. was incapable of consenting. Under these circumstances, it is inconceivable that no rational juror could have convicted him on the sexual assault count. Nor is there any basis for holding that the Nevada Supreme Court unreasonably held that the evidence was sufficient.

**3.** Noguera is not entitled to a certificate of appealability with respect to his claim that the trial judge erroneously directed a verdict for the offense of lewdness, which was also charged in the indictment. More specifically, Noguera complains that the trial judge's charge made it impossible for the jury to acquit him of both sexual assault and lewdness. If the jury had to convict him of one of those two, then it could not convict him of the lesser included offense of statutory sexual seduction (also charged in the indictment) instead of sexual assault or lewdness.

A certificate of appealability may be issued where "jurists of reason could disagree with the district court's resolution of his constitutional claims or . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v.*

5

*Cockrell*, 537 U.S. 322, 327 (2003)). Noguera's claim fails under this standard because Noguera's underlying argument is that he was deprived of a lesser included offense instruction. There is no clearly established federal law entitling him to such an instruction. *See United States v. Carothers*, 630 F.3d 959, 967 (9th Cir. 2011); *see also United States v. Rivera-Alonzo,* 584 F.3d 829, 834 n.3 (9th Cir. 2009). Habeas relief is therefore unwarranted.

**AFFIRMED.**