**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10252 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00442-GMN-GWF-2 |
| v. | |
| DEON FREDERICK SMITH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief District Judge, Presiding

Submitted May 11, 2016[**]
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Deon Smith was convicted after a jury trial of: (1) conspiracy to commit

armed bank robbery; (2) armed bank robbery; (3) using and carrying a firearm

during and in relation to a crime of violence; and (4) accessory after the fact. The

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court found him to be a career offender and sentenced him to 252 months in prison. Smith appeals his convictions and his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Smith's convictions on Counts 1 to 3, vacate without prejudice his conviction on Count 4, vacate his sentence, and remand for resentencing.

Smith raises six total challenges to his convictions and sentence. The government concedes two of Smith's arguments.

First, the government concedes that Smith's Count 4 conviction for accessory after the fact must be vacated. Smith was convicted in Count 2 of armed bank robbery. His conviction in Count 4 of accessory after the fact to armed bank robbery therefore violates the Double Jeopardy Clause. *See* U.S. Const. amend. V; *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008) (conviction of an offense and its lesser included offense violates the Double Jeopardy Clause, absent Congressional intent to allow double punishment); *United States v. Dinkane*, 17 F.3d 1192, 1200 (9th Cir. 1994) (accessory after the fact is a lesser included offense of bank robbery). We vacate without prejudice Smith's conviction for accessory after the fact. *See United States v. Jose*, 425 F.3d 1237, 1247 (9th Cir. 2005) (recommending vacatur of the lesser included offence without prejudice, in case the conviction for the greater offense is later overturned).

2

Second, the government concedes that Smith's sentence must be vacated. Smith's guidelines range was increased because the district court found that his prior conviction for attempted invasion of the home was a "crime of violence" under the residual clause of the career offender guideline. *See* U.S.S.G. §§ 4B1.1, 4B1.2(a)(2). The Government does not contest that Smith's prior conviction should not be considered a "crime of violence." Therefore, we vacate Smith's sentence and remand for resentencing.

We reject Smith's four remaining arguments. First, we reject Smith's argument that the district court abused its discretion in admitting evidence of two of his prior crimes. Smith's prior crimes were properly admitted for the non-propensity purpose of showing Smith's knowledge. *See* Fed. R. Evid. 404(b)(2). For both crimes, the government provided the necessary "logical connection between the knowledge gained as a result of the commission of the prior act and the knowledge at issue in the charged act." *See United States v. Mayans*, 17 F.3d 1174, 1181–82 (9th Cir. 1994).

In one of Smith's prior crimes, he was caught after his fingerprints were found on the getaway vehicle. This crime tended to show that Smith knew that police officers used fingerprint technology to link people to crimes. This made it

3

more likely that when Smith hid the evidence with Jackson's fingerprints on it, he did so to help Jackson avoid capture.

In Smith's other prior crime, he was caught after he tried to hide in a stranger's home, and the stranger yelled for the police. This crime tended to show that Smith knew that it was important to have a safe place to hide after committing a crime. This made it more likely that Smith intentionally assisted Jackson by allowing him to hide in Smith's uncle's apartment after the crime.

Smith has not shown that the probative value of his prior crimes was substantially outweighed by the risk of unfair prejudice from admitting them. *See* Fed. R. Evid. 403. The district court did not abuse its discretion in admitting Smith's prior crimes under Federal Rules of Evidence 403 and 404.

Second, we reject Smith's argument that the district court erred in denying his motion for a judgment of acquittal. The evidence at trial, viewed in the light most favorable to the verdict, showed the following: (1) Eric Jackson robbed a bank at gunpoint and then fled to Smith's uncle's apartment, where both Smith and Jackson were living; (2) Smith was seen talking with Jackson shortly before the robbery; (3) Smith's fingerprints were found on items taken from the bank; (4) Smith knew Jackson had a gun in the days leading up to the robbery; (5) Smith hid evidence from the robbery in his uncle's apartment; (6) Smith received money

4

from Jackson after the robbery; (7) Smith made several contradictory statements to the police about the robbery; (8) Smith was seen on security footage walking around the apartment complex on the morning of the robbery, both before and after the robbery; and (9) Gregory Lewis testified that Smith had confessed planning the robbery to Lewis while they were both in jail. This evidence was sufficient for a rational jury to find Smith guilty beyond a reasonable doubt of all elements of the charged offenses, including the element that Smith aided and abetted Jackson's use of a gun during the bank robbery. *See Dinkane*, 17 F.3d at 1196–97.

Third, we reject Smith's claim that the district court abused its discretion in denying his first motion for a new trial, based on weakness of the evidence and governmental misconduct. The evidence at trial was not so weak as to make this an "exceptional case[] in which the evidence preponderates heavily against the verdict." *See United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation marks omitted). The district court also did not abuse its discretion in finding that Smith was not prejudiced by the relatively minor misconduct by the prosecutor and FBI agent.

Fourth, we reject Smith's claim that the district court abused its discretion in denying his second motion for a new trial, based on new evidence. Smith's supposedly new evidence was that Smith had not confessed to Lewis, but instead

Lewis had learned facts about Smith's case from reading Smith's discovery. Even taking this evidence as true, Smith knew he denied confessing to Lewis. He suspected at trial that Lewis had gotten information about his case from reading his discovery. He knew that he had given his discovery to a porter to give to a jailhouse lawyer, whom he had never met. Smith should have investigated the porter and jailhouse lawyer before trial, and his failure to do so was a sufficient basis for denying the motion for a new trial. *See United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (laying out five-part test for granting a new trial based on new evidence, including that defendant must be diligent in obtaining new evidence). In addition, Smith's new evidence would serve only to impeach Lewis's testimony, and so could not form the basis for a new trial. *See id.* (evidence must not be cumulative or merely impeaching).

**AFFIRMED** in part; **VACATED** in part; and **REMANDED.**