**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10468 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-00093-JST-1 |
| v. | |
| JONATHAN MOTA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted February 13, 2019[**]
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

Jonathan Mota appeals from his convictions under 18 U.S.C. §§ 1951(a),

924(c), and 924(j)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C.

§ 3742, and affirm in part and reverse in part.

The district court did not abuse its discretion by restricting Mota's access to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

a pen during pretrial proceedings. *See United States v. Shryock*, 342 F.3d 948, 974–75 (9th Cir. 2003) (reviewing trial court's security measures for abuse of discretion). The district court appropriately based this security measure on the charges against Mota and consultation with the United States Marshals Service ("USMS"). *See id.* at 975 (finding "allegations of extraordinarily violent crimes" an appropriate basis for security measures); *United States v. Collins*, 109 F.3d 1413, 1418 (9th Cir. 1997) (finding advice from the USMS an appropriate basis for security measures).

Nor did failing to order the government to give more advance notice of its witnesses and evidence violate Mota's right to self-representation. Even if the lack of notice, combined with restrictions on Mota's access to trial materials while incarcerated, affected his ability to prepare a defense, we have previously upheld comparable restrictions. *See United States v. Robinson*, 913 F.2d 712, 717–18 (9th Cir. 1990).

Even if the jury instructions for Count One permitted the jury to convict for Hobbs Act extortion, rather than robbery (the conduct charged in the indictment), Mota's constructive amendment argument fails on plain error review. *See United States v. Hartz*, 458 F.3d 1011, 1019 (9th Cir. 2006) (reviewing constructive amendment claim not raised before the district court for plain error). The jury could not have found that Forrest Seagrave consented to Mota taking property,

2

when Seagrave was attempting to stop the crime up until the moment he was fatally shot. *United States v. Ward*, 747 F.3d 1184, 1191 (9th Cir. 2014) (noting that constructive amendment claims fail "when no evidence was introduced at trial that would enable the jury to convict the defendant for conduct with which he was not charged."). The jury instructions for Count Three did not constructively amend the indictment, because the indictment did not specify that the murder being charged was felony murder.

Ninth Circuit precedent forecloses Mota's argument that the Hobbs Act as applied in this case violates the Commerce Clause. *United States v. Atcheson*, 94 F.3d 1237, 1242 (9th Cir. 1996). *Taylor v. United States*, 136 S. Ct. 2074 (2016), does not undermine this conclusion, because unlike this case and *Atcheson*, *Taylor* dealt with purely intrastate activity. *See Taylor*, 136 S. Ct. at 2078–79. We have also previously rejected the argument that the Hobbs Act requires more than "proof of a probable or potential impact on interstate commerce." *United States v. Lynch*, 437 F.3d 902, 909 (9th Cir. 2006) (internal quotation marks omitted).

Because conviction under 18 U.S.C. § 924(j)(1) requires proof the defendant also violated 18 U.S.C. § 924(c), Mota's conviction for both offenses is multiplicitous. *United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008).

We therefore remand with instructions to vacate Mota's conviction and sentence on Count Two, the lesser charge. *United States v. Jose*, 425 F.3d 1237,

1247 (9th Cir. 2005) (when conviction on a lesser-included offense violates the Double Jeopardy Clause, district court should vacate the sentence and conviction on the lesser offense). We affirm in all other respects.

**AFFIRMED in part, VACATED in part, and REMANDED.**